■ In the Matter of JULIA SMITH et al., Petitioners, and BEATRICE KALIN, Appellant, v BOARD OF EDUCATION OF THE EAST RAMAPO CENTRAL SCHOOL DISTRICT et al., Respondents. LOIS COX et al., Intervenors-Respondents. — In a proceeding pursuant to CPLR article 78, Beatrice Kalin appeals from a judgment of the Supreme Court, Rockland County (Dachenhausen, J.), dated May 5, 1983, which granted respondents' motion to dismiss her amended petition, denominated an "affidavit", as time barred.

Judgment reversed, with costs, respondents' motion to dismiss the amended petition denied, and matter remitted to Special Term for further proceedings consistent herewith. Respondents' time to answer the amended petition is extended until 20 days after service upon them of a copy of the order to be made hereon, with notice of entry.

This proceeding was brought to review the termination of positions and loss of seniority of several employees of the East Ramapo Central School District that took place on or about June 30, 1976. Respondent board of education had decided to eliminate 13 "library media specialist" positions in the district and to replace them with civil service employees. The individuals who had held the eliminated positions were reassigned as classroom teachers, which, it is alleged, deprived them of certain tenure rights. The petition alleged that the new positions were "similar" to the eliminated positions and therefore the respondents' decision was illegal ("similarity" issue).

In reassigning these library media specialists, the board of education placed them within the same general tenure grouping as regular elementary classroom teachers. As a result, elementary classroom teachers with less seniority in the school system than the library media specialists were displaced by them and moved to lower rankings on the seniority list. The least senior classroom teachers were terminated pursuant to section 2510 of the Education Law. The library media specialists and displaced or terminated classroom teachers joined as petitioners herein to challenge these decisions by the board.

The original petition, which was served on or about September 22, 1976, noted that the classroom teachers had been displaced by the inclusion of the library media specialists as general tenure employees. However, the petition did not explicitly challenge the legality of including library media specialists in the general tenure area.

Appellant Beatrice Kalin, one of the displaced classroom teachers, was a party to the original petition. However, she did not actually see that petition until January 28, 1977, although she had sought to obtain a copy from the attorneys for petitioners for some time. In a letter dated February 5, 1977, she informed Special Term (Silberman, J.), that this petition did not adequately represent her interests. She sought leave to substitute counsel and serve additional papers that would allege that the inclusion of library media specialists within the general tenure area was contrary to the Education Law. Her application was granted pursuant to an order of Justice Silberman dated February 10, 1977. On February 25, 1977, she served respondents' attorney with an "affidavit", in which she noted the original petition's failure to challenge the validity of the above-mentioned inclusion of library media specialists in the general tenure area. She argued that the classroom teachers should not lose any seniority even if it was held proper to replace library media specialists with civil service employees.

By notice of motion dated March 3, 1977, respondents moved to dismiss her "affidavit" as barred by the Statute of Limitations. Respondents argued that Kalin's "affidavit" had raised new issues and was, in effect, a new proceeding. They argued that it could not be considered an authorized amendment of the petition under CPLR 3025 and should not relate back to the date of the original petition pursuant to CPLR 203 (subd [e]).

Following numerous other motions and a hearing on the original "similarity" issue, Special Term (Skahen, J.), in a judgment dated November 4, 1981, found that the civil service positions were not "similar" to the abolished positions and hence the elimination of the library media specialist positions was legal, and retained jurisdiction over the remaining issues in the proceeding. This court affirmed that judgment (*Matter of Smith v Board of Educ.,* 97 AD2d 795).

The motion to dismiss Kalin's "affidavit" was not decided until May 5, 1983, when Special Term (Dachenhausen, J.) granted it in the order appealed from. The court held that Kalin's "affidavit" was not a valid amendment, pursuant to CPLR 3025 (subd [a]), to the original petition, raised new issues not considered in the original petition, and was time barred.

We hold first that Kalin's "affidavit" is a valid amendment to the original petition. It contains the necessary elements of a pleading (CPLR 3013, 3026). Kalin has a right to have her distinct interests represented in this proceeding (*Matter of Martin v Ronan,* 47 NY2d 486). In her letter to Justice Silberman, Kalin sought leave to serve additional papers, indicated the nature of the issues to be raised, and even referred to the proposed papers as a "petition". Justice Silberman's order dated February 10, 1977 should be deemed to have granted leave to amend the petition pursuant to CPLR 3025 (subd [b]).

However, Justice Silberman's order cannot be considered to have determined the Statute of Limitations issue, since respondents only raised this issue subsequently in their motion of March 3, 1977.

This court also rejects the argument that the judgment of Justice Skahen determined this issue. That judgment resolved the "similarity" issue but did not explicitly resolve the Statute of Limitations issue.

This court concludes that Special Term erred in dismissing Kalin's amended petition. An amended pleading relates back to the date of the original pleading: *"unless* the original pleading does not give notice of the *transactions* [or] occurrences * * * to be proved pursuant to the amended pleading" (CPLR 203, subd [e]; emphasis supplied).

The pertinent transactions and occurrences underlying Kalin's claims are the board of education's decisions to displace the classroom teachers by placing the library media specialists together with them in the general tenure area, and are fully set forth in the original petition. Kalin's affidavit merely specified that these actions were unlawful. New issues may be presented or relief may be sought if, as here, they are based on transactions already pleaded (cf. *Caffaro v Trayna,* 35 NY2d 245; *Stuart v Board of Directors of Police Benevolent Assn.,* 86 AD2d 721; *Owens v Palm Tree Nursing Home,* 50 AD2d 865).

An amended petition should be allowed as long as respondents are not prejudiced thereby (*Lindsey v Robins Co.,* 91 AD2d 150, affd 60 NY2d 417). Respondents here have offered nothing to support a claim of prejudice. Unlike the *Lindsey* case, petitioner Kalin added no new transactions, and acted promptly upon learning of the inadequacy of the original petition and before any other proceedings had occurred in the litigation. All the numerous hearings and other motions and decisions in this proceeding have occurred in the seven years since Kalin's position was made known. In addition, other nongovernmental individuals who could claim prejudice have been given adequate opportunity to intervene, and in any case could not invoke the four-month limitations period applicable to respondents (see *Matter of Hans v Burns,* 48 AD2d 947).

Kalin's "affidavit", served on February 25, 1977 constitutes a timely amended pleading and should be reinstated. Mollen, P. J., Gibbons, Weinstein and Rubin, JJ., concur.