■ In the Matter of ANDRE ALADIN et al., Appellants, v HARVEY W. SCHULTZ et al., Respondents.—Motion granted only insofar as it seeks reargument, and upon reargument, the unpublished decision and order of this Court entered herein on May 9, 1991 is recalled and vacated and a new decision and order substituted therefor.

Order and judgment (one paper) of Supreme Court, New York County (Jawn A. Sandifer, J.), entered February 22, 1990, which dismissed this CPLR article 78 proceeding seeking restoration to the eligible list for promotion to the position of Administrative Engineer with the Department of Environmental Protection (DEP), unanimously reversed, on the law, the petition is reinstated only to the extent that petitioners seek retroactive salary increments, pension benefits and seniority, and the matter is remanded to the IAS court for a hearing to determine entitlement to damages with respect to those retroactive benefits. The petition is deemed amended to reflect subsequent events (3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3025.31) which present a viable question with regard to those retroactive benefits.

The four petitioners were among 95 individuals surviving on a list of those eligible for appointment to fill 106 vacancies for the position of Administrative Engineer. The list was established on July 6, 1988, but appointments were not made from that list until six months later. Fifty-one of the eligibles who were appointed from the list had already been serving temporarily as Administrative Engineers in a provisional status. Thirty-four others were selected from the list as new appointees. The remaining 21 positions were filled by retaining in place provisionals who were, for various reasons, not eligible for promotion. Petitioners were among the ten eligibles passed over. Although they were subsequently appointed to fill vacancies, they brought this article 78 proceeding to challenge the

fact that in the initial appointment process, they had been passed over in favor of provisional appointees.

Civil Service Law § 65 establishes a time limitation of nine months for a provisional appointment (subd [2]) and a general rule that provisional appointments should be terminated within two months following establishment of an appropriate eligible list for filling vacancies in such positions (subd [3]). The latter provision, however, can be extended for an additional two months in emergency situations, upon certification of such need to the appropriate civil service department. In October 1988, DEP's Director of Personnel wrote to the Director of the New York City Department of Personnel, requesting an extension of the current provisional appointees in order to tide the office over during resolution of complex issues concerning the management of the capital budget and construction program. The request was thereupon granted for a two-month extension, with a remainder of the statutory provision that "under no circumstances can employees serve provisionally in this title longer than four months from the date that the list was established." In other words, the extended term of all provisionals serving in the position of Administrative Engineer could continue no later than November 6, 1988. Nevertheless, some provisional employees evidently remained in place at least through December 30, 1988, the effective date of the permanent appointments made from the list of eligibles on January 6, 1989.

Petitioners had no vested right, by reason of their positions on the eligibility list, to permanent promotional appointments from that list (Matter of Cassidy v Municipal Civ. Serv. Commn., 37 NY2d 526). An appointing officer has wide discretion within the Constitution and the appropriate law and rules governing the Civil Service Commission, in selecting individuals for appointment from a list of eligibles (Matter of Delicati v Schechter, 3 AD2d 19). Normally, a passed over eligible bears a heavy burden in proving that his nonselection was arbitrary or capricious (Matter of Donofrio v Hastings, 60 AD2d 989). But here, petitioners were passed over in favor of provisionals who were apparently held over in position beyond the lawful term of extension. The bona fides of these petitioners have been established by the fact that they were subsequently promoted to the positions in question. We disagree with the IAS court's conclusion that the case for retroactive benefits is governed solely by the one-in-three selection rule (Civil Service Law § 61), and that petitioners' subsequent promotions rendered all other aspects of the petition moot.

Petitioners should be entitled to an explanation as to why unlawfully extended provisionals were selected over them *(Matter of Yates v Grecco,* 85 AD2d 817; *Matter of Frank v Tishelman,* 72 AD2d 604), and if no adequate explanation is forthcoming, petitioners should be entitled to retroactive benefits to December 30, 1988, the effective date of their initial nonselection. Concur—Sullivan, J. P., Wallach, Asch and Kassal, JJ.