■ Maria O. Perez, Respondent, v Wegman Companies, Inc., Appellant.—Order reversed on the law without costs, motion granted and amended complaint dismissed. Memorandum: The court erred in denying defendant's motion to dismiss, on timeliness grounds, plaintiff's amended complaint asserting a Labor Law § 740 cause of action. The action is time-barred by the one-year Statute of Limitations of Labor Law § 740 (4) (a). Even assuming that the timeliness of the cause of action in the amended complaint can be determined in terms of the dismissed causes of action in the original complaint, the "relation back" theory of CPLR 203 (e) does not apply. The retaliatory discharge cause of action (Labor Law § 740) in the amended complaint is based on a different theory from the breach of contract and negligence causes of action asserted in the original complaint and involves different factual allegations *(see, Smith v Bessen,* 161 AD2d 847, 849; *see also, O'Connor v West,* 124 AD2d 1050). Although plaintiff seeks redress of defendant's termination of her employment in both her original complaint and amended complaint, the original complaint does not recite any of the essential factual allegations thereafter asserted in the amended complaint. We do not consider plaintiff's arguments concerning CPLR 205 (a) and an estoppel theory because they are made for the first time on appeal.

All concur, except Doerr, J., who dissents and votes to affirm in the following Memorandum.

Doerr, J. (dissenting). I agree with the majority's conclusion, implicit in the decision, that principles of res judicata do not bar plaintiff's amended complaint. Plaintiff's wrongful discharge claims were not dismissed on the merits but, rather,

were dismissed based upon their failure to state a valid cause of action under New York law. Consequently, the dismissal should not be given res judicata effect.

I disagree with the majority's conclusion, however, that plaintiff's amended complaint, alleging a violation of Labor Law § 740, the so-called "whistle-blower statute", is time-barred. In my view, plaintiff's Labor Law claim relates back to the original complaint for Statute of Limitations purposes. In fact, defendant admits in its brief that plaintiff's Labor Law claim and wrongful discharge claim are based upon the same transaction and that the "same foundation facts serve as a predicate for both actions." Plaintiff merely asserts a different theory of liability predicated essentially upon the same facts *(see, Matter of Smith v Board of Educ.,* 104 AD2d 445, 447-448).

Defendant's argument that the relation-back doctrine cannot apply here, because plaintiff's wrongful discharge causes of action were dismissed, is without merit. The cause of action alleged in the amended complaint relates back to a cause of action alleged in the original pleading *(see,* CPLR 203 [e]) and, in my view, the subsequent dismissal of that cause of action is of no moment.

I further conclude that the allegations in the amended complaint that nursing home patients were not being kept clean, were not provided with adequate supervision on the night shift, and had their medications mishandled, sufficiently assert a danger to public health and safety *(cf., Kern v DePaul Mental Health Servs.,* 152 AD2d 957, *lv denied* 74 NY2d 615 [alleged violations involved a single patient]). (Appeal from Order of Supreme Court, Erie County, Doyle, J.—Dismiss Complaint.) Present—Boomer, J. P., Pine, Lawton, Davis and Doerr, JJ.