■ THEODORE W. BROWN, Appellant, v VAIL-BALLOU PRESS, INC., Respondent, et al., Defendant.—Weiss, P. J. Appeal from an order of the Supreme Court (Coutant, J.), entered December 16, 1991 in Broome County, which denied plaintiff's motion for leave to serve an amended complaint.

For approximately 13 years defendant Quaker Nationalease, Inc. employed plaintiff as an over-the-road driver of a tractor trailer truck which it had leased to defendant Vail-Ballou Press, Inc. Vail-Ballou provided log books and required that plaintiff comply with company policies regarding the manner in which the log book was to be kept. Plaintiff alleges that Vail-Ballou directed that any time in excess of 15 minutes spent waiting during loading or unloading and at route stops be entered in his log as "off-duty". Plaintiff alleges that this policy was intended to decrease his on-duty hours and thereby result in his availability to work in excess of the maximum 60 hours per week permitted by Federal Department of Transportation regulations *(see,* 49 CFR 395.3). Plaintiff refused to record his time in the manner required by Vail-Ballou. In 1989 Vail-Ballou decided to terminate its lease agreement with Quaker and to employ its own drivers.

Plaintiff was laid off by Quaker on July 18, 1989 and not hired by Vail-Ballou, which employed three of the former

Quaker drivers and promoted a fourth part-time driver to a full-time position. The complaint in this action was commenced on April 9, 1990 against both Quaker and Vail-Ballou, and contained five causes of action all seeking monetary damages. The first two causes of action allege discrimination on the basis of age; the third cause of action alleges discrimination because plaintiff opposed practices which violated the New York Human Rights Law; and the fourth and fifth causes of action allege that his termination was a breach of employment policies and representations made to plaintiff regarding continued employment. By order dated January 7, 1991, Supreme Court dismissed the complaint in its entirety against Quaker and the third, fourth and fifth causes of action against Vail-Ballou. We note that plaintiff had agreed to withdraw the third cause of action alleging discrimination. Plaintiff did not appeal from that order.

Following discovery, plaintiff moved on August 15, 1991 pursuant to CPLR 3025 (b) for leave to amend his complaint to assert a new (sixth) cause of action alleging violation of Labor Law § 740 (2) (c) (the whistle-blower statute), contending discrimination and retaliation against him by Vail-Ballou based upon his refusal to abide by defendant's record-keeping policy, which he alleges was violative of Federal regulations (49 CFR 395.3). In denying the motion, Supreme Court concluded that the proposed cause of action was without merit, that it was time barred (Labor Law § 740 [4] [a]) and that Vail-Ballou would be prejudiced by such leave. This appeal by plaintiff ensued.

The proposed sixth cause of action alleges a retaliatory discrimination cause of action (Labor Law § 740 [2] [c]) based upon a different theory and different facts from those which appear in the earlier claim of age discrimination alleged in the third cause of action in the original complaint. The transactions, occurrences and theories set forth in the original pleadings lack a common factual foundation with the proposed claim and fail to give notice of a claim of retaliation for plaintiff's refusal to comply with Vail-Ballou's policy allegedly requiring violations of Federal safety regulations. Accordingly, the proposed cause of action does not relate back to the interposition of the original claim (see, CPLR 203 [e]; *Perez v Wegman Cos.*, 181 AD2d 1010, *lv denied* 80 NY2d 753; *Smith v Bessen*, 161 AD2d 847, 849). Because the one-year Statute of Limitations for the proposed new cause of action has expired (see, Labor Law § 740 [4] [a]) and absent the right to relate

back to the original complaint *(see,* CPLR 203 [e]), that cause of action is time barred.*

Mercure, Crew III, Casey and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.

---

* We note the presence of an additional reason to deny leave to amend the complaint. The third cause of action in the original complaint had been dismissed in the January 7, 1991 order and was withdrawn by plaintiff's counsel. Accordingly, there was nothing extant to which the proposed new cause of action could relate back.