■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD HERNDON, Appellant. [595 NYS2d 8] —Appeal from judgment, Supreme Court, New York County (Juanita Bing Newton, J.), purportedly rendered July 5, 1990 upon defendant's plea of not responsible by reason of mental disease or defect pursuant to CPL 330.20 and 220.15, unanimously dismissed.

Defendant's claim, inartfully stated, is that the court below failed to strictly adhere to the mandatory catechism of de-

tailed findings which must be made by the court under CPL 220.15 (5). As such, he purports to appeal from the action of the court below in taking his plea. This is not a legislatively authorized predicate for a criminal appeal (CPL 450.10, 450.15), insofar as it is not a judgment within the meaning of CPL 1.20 (15) and therefore in the absence of a statute expressly authorizing an appeal, there is no right to appeal *(People v De Jesus,* 54 NY2d 447, 449).

Nor has defendant moved before the court which took the plea to withdraw the plea *(see generally, Matter of Lockett v Juviler,* 65 NY2d 182), or petitioned for writ of habeas corpus to challenge the legality of his commitment *(see generally, People ex rel. Thorpe v Von Holden,* 63 NY2d 546). In its present posture, defendant's commitment is a civil rather than a criminal matter (CPL 220.15 [6]; *Matter of Lockett v Juviler, supra).* Since we are without jurisdiction to consider defendant's claim, we do not address the merits of his contentions. Concur—Sullivan, J. P., Milonas, Asch and Rubin, JJ.