■ In the Matter of OLIVER C., Petitioner, v MORTON WEISSMAN et al., Respondents. [611 NYS2d 12] —Proceeding pursuant to CPLR article 78, *inter alia,* to prohibit the enforcement of a bench warrant, issued September 28, 1993, by the respondent Judge of the County Court, Suffolk County.

Ordered that pursuant to CPLR 1003, the caption of the petition is deemed amended to include the Commissioner of Mental Health and the Suffolk County District Attorney as respondents; and it is further,

Adjudged that the petition is granted, on the law, without costs or disbursements, the respondent Judge is prohibited from enforcing the bench warrant issued by him on September 28, 1993, bearing file number 49292, and that bench warrant is hereby rescinded and vacated.

The material facts in the case are not in dispute. On December 10, 1992, the petitioner pleaded not responsible by reason of mental disease or defect, pursuant to CPL 220.15, to the crimes of burglary in the second degree and grand larceny in the third degree. After conducting a hearing pursuant to CPL 330.20 (6), the court found the petitioner to be suffering from a "mental illness", but not a "[d]angerous mental disorder" (CPL 330.20 [1] [c], [d]). On January 11, 1983, the court issued a civil order of commitment pursuant to CPL 330.20 (7), placing the petitioner in the custody of the Commissioner of Mental Health (hereinafter Commissioner) for six months. The court also issued an order of conditions for five years pursuant to CPL 330.20 (7).

Prior to the expiration of the order of conditions, the Commissioner applied for, and received, an extension of the order of conditions for an additional five years pursuant to CPL 330.20 (1) (o). In January 1993 the Commissioner made an application to impose a third order of conditions upon the petitioner. After denying a motion by the petitioner's counsel, Mental Hygiene Legal Services (hereinafter MHLS), to dismiss the application, the County Court, Suffolk County (Weissman, J.), ordered a hearing on the Commissioner's application.

When the petitioner failed to appear for this hearing, the court issued a bench warrant for the petitioner's arrest to compel his attendance at the hearing. Petitioner's counsel commenced this CPLR article 78 proceeding in this Court to rescind and vacate the warrant, arguing that the County Court abused its discretion and was without authority to issue the bench warrant.

We agree with the petitioner's argument that the County Court was without authority to issue a bench warrant. A bench warrant is a process of a criminal court, the purpose of which is to procure the appearance of a defendant in a pending criminal action (see, CPL 1.20 [30]). However, proceedings pursuant to CPL 330.20 are civil in nature subject to the provisions of the Mental Hygiene Law and the CPLR (see, People v Escobar, 61 NY2d 431; People v Herndon, 191 AD2d 248). In fact, the entire statutory scheme of CPL 330.20 was intended to terminate the criminal phase entirely and substitute a civil proceeding (see, Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 330.20, at 23-24). Nor do we find any statutory authority within the Mental Hygiene Law or the CPLR for the issuance of a warrant under the facts presented herein (cf., Mental Hygiene Law § 9.43; CPLR 2308 [a]; 5250). Furthermore, we reject the Commissioner's argument that the court had the inherent authority to issue the warrant. Since the court exceeded its authority, the bench warrant must be vacated (see, CPLR 7803 [2], [3]).

We reject the Commissioner's argument that the petition is defective because it was not verified by the petitioner. It was proper for MHLS, rather than the petitioner, to verify the petition, since the petitioner was not in the county where MHLS had its office (see, CPLR 3020 [d] [3]).

The record indicates that the petition failed to name the Commissioner and the Suffolk County District Attorney as necessary parties. However, since both were served with and responded to the petition, this failure does not justify dismissal of the petition, and they are accordingly added as named respondents (see, CPLR 1003, 7804 [i]). Mangano, P. J., Thompson, Bracken, Sullivan and Balletta, JJ., concur.