89 N.Y.2d 974 (1997)
678 N.E.2d 489
655 N.Y.S.2d 877
Dorothy A. Basile, Appellant,
v.
Town of Southampton, Respondent.
Court of Appeals of the State of New York.
Argued January 7, 1997.
Decided February 18, 1997.
Goldstein, Goldstein & Rikon, P. C., New York City (Michael J. Goldstein of counsel), for appellant.
Wayne D. Bruyn, Deputy Town Attorney of Town of Southampton, for respondent.
Chief Judge KAYE and Judges BELLACOSA, SMITH, LEVINE and CIPARICK concur; Judge WESLEY concurs in result in an opinion; Judge TITONE taking no part.
*975 MEMORANDUM.
The order of the Appellate Division should be affirmed, with costs.
In 1980, claimant's family acquired 12 acres of property situated near Moriches Bay in the Town of Southampton. At that time, the land was zoned for residential development and subject to further regulation because of its location within the Tidal Wetlands and Ocean Beach Overlay District and the Tidal Floodplain Overlay District. In fact, over 95% of the parcel consists of tidal wetlands as inventoried pursuant to the Tidal Wetlands Act (ECL 25-0201).
The 1980 purchase was made subject to certain covenants which had been filed by the former owner in the Suffolk County Clerk's office. These covenants stated that the parcel "may consist of wetlands and may not be suitable for erection of a dwelling thereon." The covenants further stated that "no building or structure shall be erected on [the parcel] unless and until said [parcel] is approved as a building lot by the Planning Board of the Town of Southampton."
In 1990, respondent Town of Southampton acquired from claimant Basile, by condemnation, the fee title ownership to the parcel. The Town's appraiser initially valued the land at $128,000 and an advance payment was made in that amount to claimant (EDPL 304). The Town later revised its appraisal to $117,500 and claimant submitted a counter appraisal listing the property value at $960,000. The wide disparity between the valuations submitted by the parties stems primarily from the fact that only the respondent's estimate reflects the property value as restricted under the wetlands regulations. Supreme Court awarded claimant $117,500.[*]
Claimant argues that the wetlands regulations which decreased the market value of her property effect an unconstitutional taking (US Const 5th Amend; NY Const, art I, § 7), and the formal condemnation proceeding requires just compensation of the preregulatory property value. Respondent counters that it is the property value, as restricted, which must dictate the amount of compensation in a condemnation proceeding.
*976 Generally, upon condemnation, property value should be calculated with due consideration paid to the applicable restrictions upon use (cf., Matter of Town of Islip [Mascioli], 49 N.Y.2d 354, 360 ["Ordinarily the potential uses the court may consider in determining value are limited to those uses permitted by the zoning regulations at the time of taking"]). Here, the valuation of claimant's property should reflect the applicable environmental restrictions. Whatever taking claim the prior landowner may have had against the environmental regulation of the subject parcel, any property interest that might serve as the foundation for such a claim was not owned by claimant here who took title after the redefinition of the relevant property interests. Moreover, as the concurrence notes, "[t]he wetlands regulations at issue in this case did not deprive claimant of any interest in the property that had not already been encumbered" by virtue of the covenants entered into by the former owner in exchange for the right to subdivide and develop what was then a larger parcel.
Enactments which are legitimate exercises of police power, such as the wetlands regulations here, do not effect a taking when a purchaser acquires property subject to such regulations. "The relevant property interests owned by [a purchaser] are defined by those State laws enacted and in effect at the time [title is taken] and they are not dependent on the timing of State action pursuant to such laws" (Matter of Gazza v New York State Dept. of Envtl. Conservation, 89 N.Y.2d 603, 616 [decided today]). Since claimant took title to her property subject to wetlands regulations and the encumbrances of certain covenants, she cannot claim the value of the property without such restrictions.
WESLEY, J. (concurring).
For the reasons set forth in my dissenting opinion in Matter of Anello v Zoning Bd. of Appeals (89 N.Y.2d 535 [decided today]), I cannot agree that claimant is prevented from claiming the value of her property without the wetlands regulations solely because she took title after the enactment of those regulations. Nevertheless, I concur in the result reached by the majority, because claimant took title subject to the covenants filed by the former owner of the property, which substantially restrict the value and use of the property.
Even if we were to accept claimant's argument that the property must be valued as if it could be developed for one or more single-family residences because the alternative use for *977 recreational or aesthetic purposes is not an economic use (cf., Lucas v South Carolina Coastal Council, 505 US 1003, 1044 [Blackmun, J., dissenting]), that is a consequence of the covenants entered into by the former owner in exchange for the right to subdivide and develop what was then a larger parcel. The wetlands regulations at issue in this case did not deprive claimant of any interest in the property that had not already been encumbered by the former owner by virtue of the covenants. As such, an unrestricted right to develop the parcel no longer remained in the "bundle" of rights that claimant acquired through the former owner, and Supreme Court properly determined that the Town need not compensate claimant as if she retained that right.
Order affirmed, with costs, in a memorandum.
NOTES
[*] Respondent has not sought the difference between the advance payment and the award by Supreme Court. Claimant retains those funds.