■ In the Matter of STANLEY FRIEDENBURG et al., Respondents, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, Appellant. [658 NYS2d 643] —In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the Commissioner of the New York State Department of Environmental Conservation, dated April 14, 1995, which denied the petitioners' application for a tidal wetlands permit, the New York State Department of Environmental Conservation appeals, by permission and as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Seidell, J.), entered February 5, 1996, as denied as academic its motion to dismiss the original petition and denied its separate motion to dismiss so much of an amended petition as asserted a cause of action to annul the determination on the ground that such a cause of action is barred by the Statute of Limitations.

Ordered that the order is modified by deleting the provision thereof which denied that branch of the separate motion which was to dismiss the cause of action asserted in the amended petition to annul the determination and by substituting therefor a provision granting that branch of the separate motion which was to dismiss the cause of action to annul the determination and denying the separate motion to dismiss in all other respects; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The respondent New York State Department of Environmental Conservation (hereinafter the DEC) denied the petitioners' request for a permit and related variances under the Tidal Wetlands Act (ECL art 25), necessary to construct a single-family residence on real property located 566 feet from the waters of Shinnecock Bay, in Southampton, New York. Thereafter, the petitioners commenced a proceeding pursuant to CPLR article 78 asserting that the denial of their application by the DEC constituted a taking of their property without compensation. The petitioners requested, *inter alia,* that the DEC either commence condemnation proceedings to acquire their property or issue the requested permit. They also sought damages for a taking and a "temporary taking", as well as a declaration that ECL 25-0404 is unconstitutional to the extent that it fails to provide for damages for a "temporary taking". Rather than answering the petition, the DEC moved, *inter alia,* to dismiss the proceeding for failure to state a cause of action.

The petitioners thereafter served an amended petition in which they asserted, for the first time, an additional claim, which was to annul the determination of the DEC. The amended petition also asserted the same claims raised in the original petition: that the DEC determination constituted a taking of their property, that they were entitled to damages for a "temporary taking", and that "[t]o the extent that ECL 25-0404 fails to provide for temporary taking damages, it is unconstitutional". The DEC then separately moved to dismiss the new cause of action as untimely. The Supreme Court denied the separate motion, holding that, pursuant to CPLR 203 (f), "[t]he original petition herein does give notice of the transactions, etc. which are to be proved pursuant to the amended pleading; and the amended petition herein, is deemed to have been timely served". Additionally, the court denied as academic the initial motion by the DEC to dismiss the original petition.

We find that the petitioners' initial claim, that the DEC determination constituted a taking, did not give notice of the independent claim to annul that determination on the ground that it was arbitrary and capricious. The original petition seeking a determination that a taking had occurred expressly conceded the validity of DEC's denial of the permit and related variances. The original claim therefore did not give notice of the later claim and, indeed, waived that claim. Accordingly, the Supreme Court improperly held that the relation back doctrine was applicable (see, Jolly v Russell, 203 AD2d 527, 528-529; State of New York v General Elec. Co., 199 AD2d 595; Brown v Vail-Ballou Press, 188 AD2d 972).

Moreover, under the circumstances of this case, the Supreme Court should have considered the merits of the arguments DEC raised in the original motion to dismiss. In addressing those arguments, we find that dismissal of the petitioners' claims that a taking occurred is not warranted, as those claims state valid causes of action. The petitioners' arguments, inter alia, as to the type and extent of damages recoverable because of such purported taking need not be addressed at this juncture. Those arguments need not be determined until such time, if at all, that the issue of compensation becomes relevant (see, ECL 25-0404; see generally, Gazza v New York State Dept. of Envtl. Conservation, 89 NY2d 603; Basile v Town of Southampton, 89 NY2d 974; Matter of Anello v Zoning Bd. of Appeals, 89 NY2d 535; Soon Duck Kim v City of New York, 90 NY2d 1).

The remaining contention of the DEC is without merit. Rosenblatt, J. P., Miller, Ritter and Goldstein, JJ., concur.