■ In the Matter of DAVID B. NELSON, M.D., P.C., et al., Appellants, v EDWARD M. STROH, Respondent. [756 NYS2d 591] —In

a proceeding pursuant to CPLR article 75 to permanently stay arbitration of certain counterclaims asserted in an arbitration, the petitioners appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Carter, J.), entered April 23, 2002, as denied that branch of their petition which was to stay as time-barred arbitration of certain counterclaims relating to the manner in which the respondent's commission was calculated.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the petition which was to stay arbitration of the counterclaim relating to calculation of the respondent's commission for the 1993-1994 employment year and substituting therefor a provision granting that branch of the petition; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The individual petitioners are physicians operating as professional corporations. Together, they operate the remaining petitioner, a joint venture, which provides medical services relating to the practice of ophthalmology. The respondent Edward M. Stroh is also a physician, and pursuant to an agreement dated June 9, 1993, he became an employee of the joint venture effective July 1, 1993. Insofar as is relevant to this appeal, the employment agreement provided that Dr. Stroh would receive a salary plus commission, which was to be a percentage of the joint venture's billings resulting from Dr. Stroh's services. Further, the commission was to be paid within 90 days after the close of the joint venture's fiscal year, which was the end of the calendar year. The agreement also provided that any disputes arising out of or in connection with the agreement were to be submitted to arbitration.

Effective April 1, 1995, however, the parties executed an amendment to the employment agreement (hereinafter the amendment) which, in relevant part, changed the manner in which Dr. Stroh's compensation was calculated. The amendment also "recognized that as of July 1, 1996, [Dr. Stroh] shall be an equal partner in the joint venture." However, in fact, the joint venture did not make Dr. Stroh a partner, and it eventually terminated his employment.

In or about October 2000 the petitioners filed a demand for arbitration, alleging that Dr. Stroh violated the terms of the employment agreement, including a restrictive covenant contained therein. On or about December 12, 2000, Dr. Stroh filed an amended answer with counterclaims. In his counterclaims, he alleged, inter alia, that the joint venture breached the employment agreement by failing to make him a partner

and by failing to pay him his proportionate share of the profits. He also sought an accounting. Finally, he alleged that the joint venture wrongfully terminated his employment and withheld his salary for the period from February 1, 1997, to March 6, 1997.

By letter dated November 12, 2001, Dr. Stroh sought the arbitrators' consent to file a second amended answer with counterclaims. Therein, he alleged an additional counterclaim, inter alia, to recover damages for breach of contract based on the manner in which the joint venture had calculated his commission from the inception of the employment agreement. Thereafter, the petitioners commenced the instant proceeding pursuant to CPLR article 75 to permanently stay arbitration of all proceedings to be held pursuant to the second amended answer and counterclaims. In relevant part, the petitioners claimed that the counterclaim relating to the manner in which Dr. Stroh's commission was calculated was barred by the six-year statute of limitations. In opposition to the petition, Dr. Stroh claimed that this counterclaim related back to his first amended answer and counterclaims.

By order entered April 23, 2002, the Supreme Court, inter alia, denied that branch of the petition which was to permanently stay arbitration of Dr. Stroh's counterclaim relating to the manner in which his commission was calculated. It determined that because the commission payable to Dr. Stroh for the period 1994-1995 was not due until March 31, 1996, and Dr. Stroh's second amended answer and counterclaims was served on November 12, 2001, the counterclaim relating to the calculation of that year's commission was not barred by the six-year statute of limitations. Next, the court determined that although the counterclaim relating to the calculation of the commission for period 1993-1994 was asserted more than six years after it arose, it was not barred by the statute of limitations because it related back to Dr. Stroh's first amended answer and counterclaim (see CPLR 203 [f]).

The petitioners' contention that Dr. Stroh's counterclaim relating to the calculation of his commission for the 1994-1995 employment year was time-barred is without merit. We agree with the Supreme Court's determination that the amendment to the employment agreement did not change when Dr. Stroh's commission was due. As a result, pursuant to the employment agreement, Dr. Stroh's commission for the 1994-1995 employment year was not due until March 31, 1996. Therefore, to the extent that Dr. Stroh's second amended answer and counterclaims alleged breach of contract for the manner in which the

joint venture calculated his commission for that year, it was not barred by the six-year statute of limitations (see CPLR 213).

We agree with the petitioners, however, that Dr. Stroh's counterclaim relating to the calculation of his commission for the 1993-1994 employment year was time-barred. The Supreme Court correctly determined that the commission for that employment year was due by March 31, 1995, more than six years before Dr. Stroh's second amended answer and counterclaims. However, the Supreme Court erroneously determined that this counterclaim related back to Dr. Stroh's first amended answer and counterclaims, since the first amended answer and counterclaims "does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to" the second amended answer and counterclaims (see CPLR 203 [f]). Rather, the counterclaim, based on the manner in which the joint venture calculated the 1993-1994 commission, sought recovery based on an entirely different set of factual allegations, and nothing in Dr. Stroh's first amended answer and counterclaims indicated that he was alleging a cause of action to recover damages for breach of contract based on the manner in which the joint venture calculated his commissions (see Perez v Wegman Cos., 181 AD2d 1010 [1992]). Feuerstein, J.P., Friedmann, Schmidt and Mastro, JJ., concur.