*535 OPINION OF THE COURT
Robert M. Stolz, J.
The long history of this case has been recounted at length by several courts (see e.g. Matter of Francis S., 206 AD2d 4 [1st Dept 1994]; Francis S. v Stone, 221 F3d 100 [2d Cir 2000]), and will be summarized briefly herein. On October 22, 1983, defendant was arrested in Upper Manhattan and accused of threatening a police officer with a knife. He was indicted for attempted assault in the first degree and criminal possession of a weapon in the third degree. While at liberty on his own recognizance, defendant was arrested in New Jersey and, having been diagnosed as schizophrenic, spent two years in psychiatric confinement. Upon his release, he appeared in Supreme Court, New York County, and on June 10, 1987, represented by counsel, pleaded not responsible by reason of mental disease or defect to the 1983 charges pursuant to CPL 220.15. Following a hearing pursuant to CPL 330.20 (6), defendant was found to be mentally ill but not suffering from a dangerous mental disorder and, accordingly, remanded to a nonsecure facility for four months. The judge who accepted the plea also issued a five-year order of conditions pursuant to CPL 330.20 (7) requiring that the defendant comply with a treatment plan prescribed by the Office of Mental Health (OMH).
A few days before the expiration of the five-year order of conditions, the Commissioner of OMH applied to the court for a recommitment order pursuant to CPL 330.20 (9) on the grounds that the defendant was not compliant with treatment and had repeatedly engaged in criminal behavior resulting in numerous arrests.[1] Following a hearing, the defendant was again found to be mentally ill, but not suffering from a dangerous mental disorder. This latter finding that the defendant was not suffering from a dangerous mental disorder was reversed on appeal and the reversal was upheld by the Court of Appeals (Matter of Francis S., 87 NY2d 554 [1995], affg 206 AD2d 4 [1st Dept 1994]). Ever since the 1994 finding that he suffers from a dangerous mental disorder, the defendant has remained confined in a secure facility (at present he is in Rochester Forensic Hospital).
Throughout the past decade, the defendant has continued to challenge his confinement. In the federal courts, he unsuccessfully attacked the provisions of CPL 330.20 as violative of due process and equal protection, claiming that they impose harsher *536 restrictions than the civil commitment procedures of the Mental Hygiene Law (Francis S. v Stone, 221 F3d 100 [2d Cir 2000], affg 995 F Supp 368 [SD NY 1998]). In addition, the defendant has contested the recommitment orders which the OMH Commissioner has sought every two years pursuant to CPL 330.20 (14) and (1) (i). In fact, there is currently a jury trial scheduled in Supreme Court, Monroe County, to determine his appeal of the most recent recommitment order (CPL 330.20 [16]; Mental Hygiene Law § 9.35).
In this motion pursuant to CPL 440.10, the defendant seeks to vacate his 1987 plea of not responsible on two grounds: (a) he claims that he was denied due process and effective assistance of counsel at the time of his plea because, although innocent of the charges, his counsel assured him that if he pleaded not responsible, he would be released just as he had been in New Jersey, and in addition he was not informed of the order of conditions or the possibility that he could be subject to lengthy confinement, and (b) he contends that he was incapable of understanding the plea proceedings due to his intoxication on the day of his plea. In opposition, the People contend that relief under CPL 440.10 does not lie for a defendant who has entered a plea of not responsible. This court agrees.
CPL 440.10 provides for relief from a “judgment.” A judgment is comprised of a conviction, that is, the entry of a plea of guilty or a verdict of guilty, and the sentence imposed upon that conviction (CPL 1.20 [13], [15]). Defendant has neither pleaded guilty nor been sentenced. His plea of not responsible is not a conviction; rather, its effect is to “terminate [ ] the criminal proceeding and initiate [ ] commitment proceedings of a civil nature (CPL 220.15 [6]; 330.20).” (Matter of Lockett v Juviler, 65 NY2d 182, 184 [1985].) Consequently, there is no “judgment” in this case which could properly be the subject of a motion pursuant to CPL 440.10. (People v Herndon, 191 AD2d 248, 249 [1st Dept 1993]; People v Doxen, Sup Ct, NY County, Mar. 28, 2001, Richter, J., Indictment No. 8110/89.) Furthermore, CPL 220.15 (6) provides that, once such a plea is accepted and recorded, all subsequent proceedings are governed by CPL 330.20 which sets forth, inter alia, the procedures for examination, commitment and retention of such persons.
Although, as set forth above, the defendant is not entitled to relief pursuant to CPL 440.10, his contentions might be appropriate in support of a motion to vacate his plea pursuant to CPL 220.60 (3). However, even if so made, defendant’s motion *537 would necessarily fail. A motion pursuant to CPL 220.60 (3) is addressed to the court’s discretion and I am unpersuaded by the defendant’s arguments. Indeed, the plea minutes appended to the motion directly contradict his current claims. Thus, the defendant did not deny the charges but professed not to have a clear memory of what happened, due to his mental disease. Asked repeatedly if he understood the consequences of his plea of not responsible, including that he could be committed to a psychiatric institution, the defendant repeatedly answered affirmatively.[2] Lastly, the defendant’s claim, made nearly 18 years after the fact, that he was intoxicated when he entered the plea is belied by his statements in the minutes that he was “very mentally healthy these days” (minutes of plea, June 10, 1987, at 9), “I’m totally healthy. I am not on drugs” (at 28). “I’m talking on my own behalf that I am clear-headed, sound in all respects” (at 30; see People v Bess, 299 AD2d 263 [1st Dept 2002]; People v Murray, 257 AD2d 438 [1st Dept 1999]).
For all of the foregoing reasons, the motion is denied.

. A catalogue of these arrests appears in Matter of Francis S. (206 AD2d 4, 7-16 [1st Dept 1994]).

. Defendant’s claim that he was not advised of the details of his post-plea proceedings including the five-year order of conditions and possible successive recommitment orders is a legal non sequitur. These proceedings are collateral consequences of his plea, like deportation. As such, they need not be explained to a defendant as part of the allocution process (see People v Catu, 4 NY3d 242, 244 [2005] [“Collateral consequences ‘are peculiar to the individual and generally result from the actions taken by agencies the court does not control’ ”], quoting People v Ford, 86 NY2d 397, 403 [1995]).