■ In the Matter of ROANOKE SAND & GRAVEL CORP., Respondent, v TOWN OF BROOKHAVEN et al., Appellants. [809 NYS2d 95]—

In a proceeding pursuant to CPLR article 78, inter alia, to compel the Department of Planning, Environment, and Development of the Town of Brookhaven to process the petitioner's application for approval of a site plan, the appeal is from an order and judgment (one paper) of the Supreme Court, Suffolk County (Jones, J.), dated April 4, 2005, which, in effect, declared that chapter 17E of the Code of the Town of Brookhaven is null and void, granted the petition, directed the Department of Planning, Environment, and Development of the Town of Brookhaven to process the application, and severed the petitioner's claims pursuant to 42 USC § 1983.

Ordered that the order and judgment is modified, on the law and as an exercise of discretion, by deleting the provisions thereof, in effect, declaring that chapter 17E of the Code of the Town of Brookhaven is null and void, granting the petition, and directing the Department of Planning, Environment, and Development of the Town of Brookhaven to process the application; as so modified, the order and judgment is affirmed, without costs or disbursements, the petition is deemed amended to include an allegation that the Town Board of the Town of Brookhaven violated General Municipal Law § 239-m by failing to refer chapter 17E of the Code of the Town of Brookhaven to the Suffolk County Planning Commission prior to enacting and extending that chapter, the appellants are directed to serve and file an answer to the amended petition and the complete administrative return no later than 20 days following the service upon them a copy of this decision and order, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith.

The petitioner, Roanoke Sand & Gravel Corp. (hereinafter Roanoke), owns a 300-acre site in an industrial zone in Middle Island, which is located within the Town of Brookhaven, where it currently operates a sand mine. On February 10, 2003, Roanoke submitted an application to the Town's Department of Planning, Environment, and Development (hereinafter the Planning Department) and the Town's Planning Board (hereinafter the Planning Board) for site plan approval in connection with a proposal to construct an asphalt plant on its property, which is a use that is permitted by the relevant zoning ordinance. Over the next several months, the Planning Department reviewed the application on the Planning Board's behalf, circulated the proposed site plan and supporting materials for review and comment by other interested state, county, and municipal agencies, and received comments and responses from several of those agencies.

On July 22, 2003, the Town Board of the Town of Brookhaven (hereinafter the Town Board) enacted chapter 17E of the Code of the Town of Brookhaven (hereinafter chapter 17E), which, pending a full review of the Town's comprehensive plan and zoning ordinance, imposed a moratorium upon, inter alia, the acceptance, review, or granting of site plan applications referable to property in Middle Island. Accordingly, the Planning Department suspended its review of Roanoke's application. Roanoke then commenced the instant proceeding against the Town, the Planning Department, the Planning Board, and others (hereinafter collectively the appellants), seeking, inter alia, to compel the Planning Department to process its application.

In the resultant order and judgment, the Supreme Court, in effect, declared that chapter 17E was null and void, because the Town Board failed to refer chapter 17E to the Suffolk County Planning Commission (hereinafter the SCPC) for review and recommendation, as required by General Municipal Law § 239-m. In addition, the Supreme Court directed the Planning Department to process Roanoke's application. Finally, the Supreme Court severed certain claims that Roanoke brought pursuant to 42 USC § 1983, and allowed them to proceed in a plenary action.

The Supreme Court should not have, in effect, declared that chapter 17E was null and void, and granted the petition on that ground. As noted above, General Municipal Law § 239-m requires the Town Board to refer land-use legislation such as chapter 17E to the SCPC for review and recommendation (*see* General Municipal Law § 239-m [3] [a] [ii]; *see also* Suffolk County Administrative Code § A14-14 [A] [3]; *Matter of Abrishami v Board of Trustees of Inc. Vil. of E. Hills,* 16 AD3d 410 [2005]; *Town of Throop v Leema Gravel Beds,* 249 AD2d 970, 971 [1998]). If the Town Board failed to do so before enacting chapter 17E, the Town Board would have been without jurisdiction to enact chapter 17E, which would mean that the moratorium is null and void (*see Matter of Ernalex Constr. Realty Corp. v City of Glen Cove,* 256 AD2d 336, 338 [1998]; *Matter of Burchetta v Town Bd. of Town of Carmel,* 167 AD2d 339, 341 [1990]; *see also Matter of Eastport Alliance v Lofaro,* 13 AD3d 527 [2004]; *Matter of Zelnick v Small,* 268 AD2d 527, 529 [2000]; *Matter of Ferrari v Town of Penfield Planning Bd.,* 181 AD2d 149, 152 [1992]; *Matter of Old Dock Assoc. v Sullivan,* 150 AD2d 695, 697 [1989]; *cf. Matter of Headriver, LLC v Town Bd. of Town of Riverhead,* 307 AD2d 314 [2003], *affd* 2 NY3d 766 [2004]; *Matter of South Shore Audubon Socy. v Board of Zoning Appeals of Town of Hempstead,* 185 AD2d 984, 985 [1992]).

However, on this record, it cannot be determined whether the Town Board complied with General Municipal Law § 239-m. This is because the issue of whether the Town Board complied with the statute was improperly raised for the first time in Roanoke's reply papers (*see Matter of Town of Pleasant Val. v Town of Poughkeepsie Planning Bd.*, 289 AD2d 583, 583-584 [2001]; *Matter of Falk v Village of Scarsdale Zoning Bd. of Appeals*, 254 AD2d 358 [1998]; *Matter of University Hgts. Nursing Home v Chassin*, 245 AD2d 776, 778-779 [1997]; *Matter of Hill v New York City Tr. Auth.*, 222 AD2d 506, 507 [1995]; *cf. Matter of Crawmer v Mills*, 239 AD2d 844, 844-845 [1997]; *see generally Matter of Bergamini v Manhattan & Bronx Surface Tr. Operating Auth.*, 62 NY2d 897, 899 [1984]). Accordingly, we modify the order and judgment. Moreover, under the circumstances, we deem the petition amended to include an allegation that the Town Board violated General Municipal Law § 239-m by failing to refer chapter 17E to the SCPC prior to its enactment or extensions, we direct the appellants to answer the amended petition and file the complete administrative return within 20 days of service upon them of a copy of this decision and order, and we remit the matter to the Supreme Court, Suffolk County for a new determination on the merits of the petition (*see* CPLR 3025 [b], [c], [d]; 7804 [d], [e]; *Matter of Oliver C. v Weissman*, 203 AD2d 458 [1994]; *Matter of Aladin v Schultz*, 176 AD2d 205 [1991]; *Matter of Smith v Board of Educ. of E. Ramapo Cent. School Dist.*, 104 AD2d 445 [1984]; *cf. Matter of Friedenburg v New York State Dept. of Envtl. Conservation*, 240 AD2d 407 [1997]). In this regard, we note that on remittitur, Roanoke, and not the appellants, will have the burden of demonstrating that the moratorium serves a valid purpose and is of a reasonable duration (*see Holt v County of Tioga*, 56 NY2d 414, 417 [1982]; *Cellular Tel. Co. v Village of Tarrytown*, 209 AD2d 57, 66 [1995]; *Unanue v Town of Gardiner*, 105 AD2d 1025, 1027 [1984]).

We further note that the Supreme Court's new determination of the merits of this proceeding might dispose of Roanoke's claims pursuant to 42 USC § 1983 (*see Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 349-350 [1999]), which, contrary to the appellants' contention, were properly severed and permitted to proceed in a plenary action (*see* CPLR 103 [c]; 407, 603; *Matter of Charles v Diamond*, 41 NY2d 318, 332-333 [1977]; *Matter of Green Harbour Homeowners' Assn. v Town of Lake George Planning Bd.*, 1 AD3d 744, 746 [2003]). Therefore, the Supreme Court, upon rendering a final determination in connection with the proceeding, shall consider whether this determination collaterally estops Roanoke from maintaining its claims pursuant

to 42 USC § 1983 (*cf. Parker v Blauvelt Volunteer Fire Co., supra* at 350). If the Supreme Court concludes that Roanoke is not collaterally estopped from maintaining those claims, then the plenary action may proceed.

The appellants' remaining contentions are without merit. Florio, J.P., Goldstein, Fisher and Covello, JJ., concur.