█ In the Matter of TOWN OF OYSTER BAY, Respondent; BPJ MARINE CORPORATION, Doing Business as GUS MARINE, Appellant. [30 NYS3d 699]—

In a condemnation proceeding, the claimant appeals from a judgment of the Supreme Court, Nassau County (Adams, J.), dated April 25, 2014, which, upon a decision of the same court dated December 3, 2013, made after a nonjury trial, adjudged that the claimant would be awarded no additional compensation beyond that already paid by the petitioner as compensation for the taking of the subject property.

Ordered that the judgment is affirmed, with costs.

The measure of damages in a condemnation case "must reflect the fair market value of the property in its highest and best use on the date of the taking, regardless of whether the property is being put to such use at the time" (*Chemical Corp. v Town of E. Hampton*, 298 AD2d 419, 420 [2002]; *see Chester Indus. Park Assoc., LLP v State of New York*, 65 AD3d 513 [2009]). "In determining an award to an owner of condemned property, the findings must either be within the range of the expert testimony or be supported by other evidence and adequately explained by the court" (*Matter of City of New York [Reiss]*, 55 NY2d 885, 886 [1982]; *see Matter of Metropolitan Transp. Auth. [Washed Aggregate Resources, Inc.]*, 102 AD3d 787, 790 [2013]).

Here, the appellant contends that the Supreme Court erred in valuing the subject property based upon its continued use as a marina, rather than its value for residential townhouse development. The record shows that a zoning change and area variances would be required for the subject property to be used for residential townhouse development (*see* Code of Town of Oyster Bay [hereinafter Town Code] § 246-5.2). "Generally, upon condemnation, property value should be calculated with due consideration paid to the applicable restrictions upon use" of the property (*Basile v Town of Southampton*, 89 NY2d 974, 976 [1997]). When there is a reasonable probability of rezoning, some adjustment must be made to the value of the property to reflect that fact (*see id.* at 976; *Matter of City of Yonkers v Celwyn Co.*, 221 AD2d 437, 438 [1995]; *see also Matter of New Cr. Bluebelt, Phase 4.*, 122 AD3d 859, 861-863 [2014]).

The property is located in a General Business zoning district, and a 2005 change to the Town Code expressly prohibits the construction of townhouses in General Business districts (*see* Town Code § 246-5.2). Even if the zoning were to be changed to permit the construction of townhouses, the proposed use of the property would require substantial area variances (*see* Town Code § 246-5.3). Under these circumstances, the record does not show that there is a reasonable probability that a zoning change and area variances would be granted to allow the use of the property for residential townhouse development (*see Matter of Affordable Homes of Long Is., LLC v Monteverde*, 128 AD3d 1060, 1062 [2015]; *Matter of Allstate Props., LLC v Board of Zoning Appeals of Vil. of Hempstead*, 49 AD3d 636, 637 [2008]; *cf. Matter of City of Yonkers v Celwyn Co.*, 221 AD2d at 438).

Further, contrary to the appellant's contention, the record does not show that a provision of the Town Code authorizing conversion from one nonconforming use of property to another nonconforming use, under certain circumstances, is applicable here (*see* Town Code § 246-4.2.5).

We also note that the appellant does not assert that the compensation for the property should have been based on any use other than residential townhouse development.

Further, as the Supreme Court properly found, the Town presented credible evidence as to the value of the property based on its continued use as a marina, and the appellant presented no evidence showing that such valuation was unreasonable. Therefore, the court did not err in finding that the appellant was entitled to no additional compensation beyond the valuation set by the Town (*see Matter of Metropolitan Transp. Auth. [Washed Aggregate Resources, Inc.]*, 102 AD3d at 791-792; *Matter of Board of Commr. of Great Neck Park Dist. of Town of N. Hempstead v Kings Point Hgts., LLC*, 74 AD3d 804, 806 [2010]). Rivera, J.P., Dillon, Balkin and Cohen, JJ., concur.