Matter of New Cr. Bluebelt Phase 3, Staten Is. Land Corp. (City of New York) (2019 NY Slip Op 00128)





Matter of New Cr. Bluebelt Phase 3, Staten Is. Land Corp. (City of New York)


2019 NY Slip Op 00128


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2015-10728
 (Index No. 4013/06)

[*1]In the Matter of New Creek Bluebelt Phase 3, Staten Island Land Corp., respondent; City of New York, appellant.


Zachary W. Carter, Corporation Counsel, New York, NY (Rochelle Cohen, Deborah Kerzhner, and Adam Dembrow of counsel), for appellant.
Goldstein, Rikon, Rikon & Houghton, P.C., New York, NY (Michael Rikon and Jonathan Houghton of counsel), for respondent.



DECISION & ORDER
In a condemnation proceeding, the condemnor, the City of New York, appeals from an order, judgment, and sixth separate and partial final decree (one paper) of the Supreme Court, Richmond County (Wayne P. Saitta, J.), dated July 30, 2015. The order, judgment, and sixth separate and partial final decree, insofar as appealed from, upon a decision dated June 17, 2015, made after a nonjury trial, finding that the claimant established that there was a reasonable probability that the imposition of wetlands regulations on the subject property would be found to constitute an unconstitutional taking, that the claimant was therefore entitled to an increment above the regulated value of the property on the day of the taking, and that the increment to be applied was 75% of the difference between the property's value as if unregulated and its value as regulated, awarded the claimant, Staten Island Land Corp., the principal sum of $3,500,000.
ORDERED that the order, judgment, and sixth separate and partial final decree is modified, on the law, by reducing the award from the principal sum of $3,500,000 to the principal sum of $1,625,688; as so modified, the order, judgment, and sixth separate and partial final decree is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Richmond County, for the entry of an appropriate amended order, judgment, and sixth separate and partial final decree.
The claimant, Staten Island Land Corp., owned a vacant, unimproved, approximately 45,000-square-foot property near the eastern shore of Staten Island. The property is located on a major commercial corridor and is zoned for commercial development. After the claimant acquired title, the majority of the property was designated as wetlands. On November 3, 2006, the City of New York acquired the property from the claimant by eminent domain as part of its New Creek Bluebelt stormwater management project. Thereafter, the claimant commenced this proceeding seeking compensation for the taking.
Following a nonjury trial for which the parties stipulated that the value of the property as if unregulated was $4,552,000, and the regulated value was $248,600, the Supreme Court awarded the claimant $3.5 million as just compensation for the taking. It based its award on findings that the [*2]claimant established that there was a reasonable probability that the imposition of the wetlands regulations on the property would be found to constitute an unconstitutional taking, that the claimant was therefore entitled to an increment above the regulated value of the property on the day of the taking, representing the premium a reasonable buyer would pay for the probability of a successful judicial determination that the regulations were confiscatory, and that the 75% increment requested by the claimant was appropriate.
The City appeals, challenging the Supreme Court's determinations that the claimant was entitled to an increment and that the 75% formula for calculating the increment was appropriate.
An owner whose property has been taken in condemnation is entitled to just compensation (see US Const, 5th Amend; NY Const art I, § 7[a]; EDPL 101). Just compensation for property taken in condemnation is determined by the property's market value at the time of the taking, that is, "the price a willing buyer would have paid a willing seller for the property" (see Matter of Town of Islip [Mascioli], 49 NY2d 354, 360). The property must be valued based on its highest and best use on that date, whether or not the owner was then using the property to its fullest potential, as legally restricted by all applicable governmental regulations then in effect (see id. at 360). However, as this Court explained in Chase Manhattan Bank v State of New York, pursuant to the "reasonable probability—incremental increase rule," if the owner proves a reasonable probability that the regulations on the property could be invalidated in court as an unconstitutional taking, he or she is entitled to an increment above the value of the property as regulated, "representing the premium a knowledgeable buyer would be willing to pay for a potential change to a more valuable use" (103 AD2d 211, 217). This Court subsequently relied on the rule in considering the proper valuation of wetlands property taken by condemnation in Berwick v State of New York (107 AD2d 79, 84), and, more recently, in Matter of New Cr. Bluebelt, Phase 4 (122 AD3d 859, 861) and Matter of New Cr. Bluebelt, Phase 3 [Baycrest Manor, Inc.—City of New York] (156 AD3d 163, 166).
This Court's prior decision in Matter of New Cr. Bluebelt, Phase 3 [Baycrest Manor, Inc.—City of New York] (156 AD3d 163) disposes of the City's contention that Chase and Berwick have been implicitly overruled by a group of Court of Appeals cases barring purchasers of property already subject to regulations from challenging the regulations as a taking on the grounds that the title they acquired was limited by the preexisting regulations and, thus, such purchasers never had the property interests they claimed were taken by the regulations' application (see Soon Duck Kim v City of New York, 90 NY2d 1; Basile v Town of Southampton, 89 NY2d 974; Matter of Gazza v New York State Dept. of Envtl. Conservation, 89 NY2d 603; Matter of Anello v Zoning Bd. of Appeals of Vil. of Dobbs Ferry, 89 NY2d 535).
As the City does not dispute, the claimant established that there was a reasonable probability that the imposition of the wetlands regulations on the property would be found to constitute a taking, inasmuch as the parties agreed that the imposition of the regulations diminished the value of the property by approximately 95% and that there was virtually no chance that the New York State Department of Environmental Conservation would issue a permit allowing the property to be developed (see id. at 176-177; Matter of New Cr. Bluebelt, Phase 4, 122 AD3d at 862; Matter of Friedenburg v New York State Dept. of Envtl. Conservation, 3 AD3d 86, 96).
Accordingly, the claimant established its entitlement to an increment (see Matter of New Cr. Bluebelt, Phase 3 [Baycrest Manor, Inc.—City of New York], 156 AD3d at 177-178; Matter of New Cr. Bluebelt, Phase 4, 122 AD3d at 862-863; Berwick v State of New York, 107 AD2d at 91; Chase Manhattan Bank v State of New York, 103 AD2d at 217).
"The increment above the regulated value of the property that must be added to the regulated value of the property is a percentage that represents the premium a reasonable buyer would pay for the probability of a successful judicial determination that the regulations were confiscatory" (Matter of New Cr. Bluebelt, Phase 3 [Baycrest Manor, Inc.—City of New York] 156 AD3d at 177 [internal quotation marks omitted]; see Matter of New Cr. Bluebelt, Phase 4, 122 AD3d at 863; Berwick v State of New York, 107 AD2d at 84; Chase Manhattan Bank v State of New York, 103 AD2d at 217). "When adding an increment to the value of vacant land to reflect its development potential, the specific increment which is selected and applied must be based on sufficient evidence [*3]and be satisfactorily explained" (Matter of New Cr. Bluebelt, Phase 3 [Baycrest Manor, Inc.—City of New York], 156 AD3d at 177 [internal quotation marks omitted]; see Matter of County of Suffolk [Firester], 37 NY2d 649, 653; Matter of New Cr. Bluebelt, Phase 4, 122 AD3d at 863; Matter of Village of Haverstraw [AAA Electricians, Inc.], 114 AD3d 955, 956).
Here, the Supreme Court's determination accepting the increment evaluation provided by the claimant's appraiser was not warranted by the facts (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; Matter of New Cr. Bluebelt, Phase 3 [Baycrest Manor, Inc.—City of New York], 156 AD3d at 178). Rather, the court should have applied the increment formula provided by the City's appraiser, as it was based upon market data and provided a reasonable explanation for the conclusions reached (see Matter of New Cr. Bluebelt, Phase 3 [Baycrest Manor, Inc.—City of New York], 156 AD3d at 178; Chester Indus. Park Assoc., L.P. v State of New York, 103 AD3d 827; Gyrodyne Co. of Am. Inc. v State of New York, 89 AD3d 988). Accordingly, the award must be modified to the extent indicated herein.
MASTRO, J.P., ROMAN, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court