■ FRANK S. REYNOLDS et al., Appellants, v RONALD WEISS et al., Constituting the Planning Board of the Town of LaGrange, Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Town of LaGrange which denied the petitioners' application for subdivision approval, the petitioners appeal from an order of the Supreme Court, Dutchess County (Beisner, J.), entered November 17, 1987, which granted the respondents' motion to dismiss the petition as time barred.

Ordered that on the court's own motion, the petitioners' notice of appeal is treated as an application for leave to appeal, the application is referred to Justice Eiber, and leave to appeal is granted by Justice Eiber (CPLR 5701 [b] [1]); and it is further,

Ordered that the order is affirmed, without costs or disbursements.

The petitioners, Frank and Carolyn Reynolds, are the owners of certain real property located in the Town of LaGrange, Dutchess County. On or about June 1, 1987, the petitioners submitted an application to the Planning Board of the Town of LaGrange, requesting approval for the subdivision of their property into two separate lots. On June 4, 1987, the Planning Board unanimously voted to deny the application on the ground that the proposed subdivision did not conform to applicable zoning ordinances. The petitioners initially sought review of this determination before the Zoning Board of Appeals. They then commenced the instant CPLR article 78 proceeding in an effort to have the determination of the

Planning Board set aside. The respondents successfully moved for the dismissal of the petition on Statute of Limitations' grounds and this appeal ensued.

We find that the Supreme Court properly dismissed this proceeding as time barred. Town Law § 282 provides, in pertinent part, that a person aggrieved by a decision of a Planning Board may seek direct judicial review of the decision "in the manner provided by article seventy-eight of the civil practice law and rules provided the proceeding is commenced within thirty days after the filing of the decision in the office of the board." The record reveals that the Planning Board filed its determination on June 12, 1987. Because the petitioners commenced this proceeding more than 30 days subsequent to the filing of the Board's determination, dismissal of the petition was mandated under Town Law § 282.

The petitioners, however, contend that exhaustion of administrative remedies was a prerequisite to the commencement of the CPLR article 78 proceeding and that the 30-day Statute of Limitations commenced to run from the date of entry of the decision rendered by the Zoning Board of Appeals. We find no merit to this contention. As indicated, Town Law § 282 provides for direct judicial review of determinations issued by a Planning Board concerning requests for subdivision approval. Indeed, it has been consistently held that a Zoning Board of Appeals is without power to approve a subdivision plat, since that is a matter within the province of the Planning Board (see, Marx v Zoning Bd. of Appeals, 137 AD2d 333; Moriarty v Planning Bd., 119 AD2d 188; Van Deusen v Jackson, 35 AD2d 58, affd 28 NY2d 608). In any event, as the Supreme Court noted, the Zoning Board of Appeals is not a party to this proceeding, therefore, any decision rendered by the Board of Appeals would have "no effect on the Statute of Limitations with reference to the actions of the Planning Board."

We have reviewed the petitioners' remaining contention and find it to be without merit. Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.