In the Matter of NICOLAS VELEZ et al., Appellants, v BOARD OF APPEALS OF THE CITY OF NEW ROCHELLE et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a resolution of the Board of Appeals of the City of New Rochelle, which, *inter alia,* granted the respondent John Juliano's application for area variances, the petitioners appeal from a judgment of the Supreme Court, Westchester County (Ferraro, J.), entered November 12, 1987, which dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs.

The respondents John and Dolores Juliano and 700 Main Street Realty Corp., owners of a restaurant in New Rochelle, applied to the Board of Appeals for a variance allowing them to construct an additional parking facility for their employees and customers. City of New Rochelle Zoning Ordinance § 8.4 requires that a public hearing be held by the Board of Appeals on every application made to it. In addition to requiring notice by publication, the ordinance requires the applicant to notify all property owners within 250 feet of any boundary which is the subject of an application. Specifically, the provision requires that notice by registered or certified mail be given to affected property owners whose names appear as the assessed owners of record in the office of the Assessor of the City of New Rochelle. The respondents, however, based their mailing not on the list of property owners that appeared in the Assessor's office but on the corresponding list that appeared in

the Tax Office. While the petitioners Nicolas and Awilda Velez were listed as owners of the property on the Assessor's records, the Tax Office records still contained the name of the prior owner. Thus, the mailed notice of the public hearing, while sent to the petitioners' address, contained the name of the prior owner, and was returned. The petitioners never received written notice of the hearing. Unaware that the hearing was to be held, they failed to attend the same.

Following the public hearing, the Board of Appeals passed a resolution approving the variance sought by the aforementioned respondents. On June 15, 1987, the written resolution embodying the Board of Appeals' decision was filed in its office. The petitioner Nicolas Velez alleges that it was not until about July 10, 1987, when he observed construction on the parking lot, that he learned that a public hearing had been held before the Board of Appeals and that the respondents' application for a variance had been approved. On or about July 23, 1987, the petitioners instituted the instant CPLR article 78 proceeding by order to show cause. The Supreme Court dismissed the proceeding on the ground, *inter alia*, that it was time barred.

The Supreme Court properly dismissed the within proceeding as time barred. Pursuant to General City Law § 82 (1), a proceeding instituted under CPLR article 78 to review a decision of a Board of Appeals must be instituted within 30 days after the filing of the decision in the office of the Board. The record clearly indicates that the proceeding was not instituted within the prescribed 30-day period. Moreover, the pertinent case law does not provide for a tolling or an extension of the above Statute of Limitations in cases such as the instant one, where the property owners did not receive notice of the public hearing.

Furthermore, the notice requirement is not jurisdictional in the sense that the petitioners employ the term *(see, Matter of Gaona v Town of Huntington Zoning Bd. of Appeals,* 106 AD2d 638, *appeal discontinued* 65 NY2d 691). Accordingly, their failure to receive notice of the hearing did not deprive the Board of Appeals of jurisdiction over the application and did not render its determination void. Bracken, J. P., Lawrence, Kooper and Sullivan, JJ., concur.