■ PATRICIA FAIRRIS, Plaintiff, and JOHN F. SUTTON et al., Appellants, v TOWN OF WASHINGTON PLANNING BOARD et al., Respondents.—In an action, *inter alia,* for a judgment declaring that two determinations of the defendant Town of Washington Planning Board approving a two-section subdivision plan are void for lack of jurisdiction and for failure to comply with the requirements of the State Environmental Quality

Review Act, the plaintiffs appeal from so much of an order of the Supreme Court, Dutchess County (Beisner, J.), entered November 21, 1988, as granted the defendants' respective motions to dismiss the complaint to the extent of dismissing that portion of the complaint which challenges the approvals of the subdivision plan.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The Supreme Court properly dismissed as time barred that portion of the complaint challenging the subdivision approvals on the grounds of defective notice of hearing and failure to conduct an environmental review. Town Law § 282 provides that an aggrieved party may seek judicial review of a determination of a planning board in the manner provided by CPLR article 78 "provided the proceeding is commenced within thirty days after the filing of the decision in the office of the board". While the appellants have framed their challenge to the subdivision approvals in the form of an action for declaratory relief, the claims raised could have been resolved in a proceeding pursuant to CPLR article 78 *(see, Matter of Save the Pine Bush v City of Albany,* 70 NY2d 193; *Clempner v Town of Southold,* 154 AD2d 421). Accordingly, inasmuch as this action was commenced far more than 30 days after the filing of the determinations, dismissal is warranted under Town Law § 282 *(see, e.g., Reynolds v Weiss,* 147 AD2d 466). With regard to the appellants' related claim that they never received notice of the hearing on the subdivision application and only learned of the challenged determinations in December 1987 or January 1988, we note that the present action would be untimely even if the applicable limitations period was measured from the date they discovered that the subdivision had been approved.

In any event, the appellants' assertion that the alleged deficiencies in the notice of public hearing deprived the defendant Town of Washington Planning Board of jurisdiction to approve the subdivision is without merit. Town Law § 276 (4) merely provides that the notice of a hearing be advertised at least once in a newspaper of general circulation in the town at least five days before the hearing is conducted. This was done in the present case. Moreover, it is established that even if the Planning Board had taken no action on the subdivision plan (e.g., given no notice and conducted no public hearing), Town Law § 276 (4) would require the automatic approval of the plan after 45 days *(see, Wallberg v Planning Bd.,* 115 AD2d

539). Finally, in cases involving applications for zoning variances, it has been held that a defect in a notice of hearing does not deprive the municipal entity of jurisdiction over the application *(see, e.g., Matter of Velez v Board of Appeals,* 147 AD2d 648; *Matter of Gaona v Town of Huntington Zoning Bd. of Appeals,* 106 AD2d 638). Bracken, J. P., Brown, Kunzeman and Sullivan, JJ., concur.