■ In the Matter of CELLULAR TELEPHONE COMPANY, Doing Business as CELLULAR ONE, Respondent, v ROBERT MEYER et al., Appellants. [607 NYS2d 81] —In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the City of Glen Cove, dated August 18, 1992, which denied the petitioner's application for a site plan approval, the appeal is from a judgment of the Supreme Court, Nassau County (Molloy, J.), dated March 24, 1993, which, inter alia, granted the petitioner's application and directed the Planning Board of the City of Glen Cove to approve the site plan and grant permission to the petitioner for its proposed construction.

Ordered that the judgment is affirmed, without costs or disbursements.

The Planning Board of the City of Glen Cove (hereinafter the Planning Board) contends that its own determination was void because the petitioner failed to give proper notice of the hearing. The Planning Board argues that the petitioner failed to mail notice of the public hearing to owners of adjoining property within 200 feet of the exterior limits of the total property, a country club, as required by the Glen Cove Municipal Code. Notice was given by publication, but the petitioner apparently mailed notice only to persons owning property within a radius of 200 feet of the proposed construction. However, the notice requirement is not "jurisdictional" in the sense that the appellants seek to use that term (see, Matter of Velez v Board of Appeals, 147 AD2d 648; Matter of Gaona v Town of Huntington Zoning Bd. of Appeals, 106 AD2d 638; Zelenski v Incorporated Vil. of Patchogue, 51 AD2d 1055; Matter of Sarah Lawrence Coll. v City Council, 48 AD2d 897). Therefore, the determination was not void on that ground.

The Planning Board's contention that the petitioner is not a

public utility entitled to favored status when considering its site plan application is without merit. The Court of Appeals recently held in *Matter of Cellular Tel. Co. v Rosenberg* (82 NY2d 364) that a cellular telephone company falls within the definition of a public utility.

Furthermore, the proposed cell site presented a minimal intrusion into the community. The petitioner is mandated to provide its cellular service (*see,* Public Service Law § 91), and the cell site was necessary to fill gaps in the grid, so that service may be adequately provided. "[I]n resolving the question of hardship, the effect on the utility's customers is a significant factor to be considered by local zoning boards" (*Matter of Consolidated Edison Co. v Hoffman,* 43 NY2d 598, 608). Given the very minimal intrusion into the community, we find that the petitioner's showing was sufficient to warrant the granting of its application for approval of an amended site plan, and the Planning Board's determination to the contrary was arbitrary and capricious.

We have examined the appellants' remaining contentions and find them to be without merit. Bracken, J. P., Balletta, Copertino and Santucci, JJ., concur.