In the Matter of FINE ASSOCIATES et al., Appellants, v BOARD OF TRUSTEES OF THE VILLAGE OF ELMSFORD, Respondent.

[643 NYS2d 643]

The petitioners' contention that the respondent, the Board of Trustees of the Village of Elmsford (hereinafter the Board) violated the procedural and substantive requirements of the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA), is without merit. The Board, as lead agency, took the requisite hard look at the relevant environmental concerns involving the proposed zoning amendment and made a reasoned elaboration of the basis for its finding that the rezoning action would have no significant environmental effects (*see, Akpan v Koch,* 75 NY2d 561, 571; 6 NYCRR 617.6 [g] [2]; *Matter of Golden Triangle Assocs. v Town Bd.,* 185 AD2d 617). All of the potential environmental impacts of the rezoning, including those raised by the petitioners, were considered by the Board prior to issuance of the negative declaration (*see,* ECL 8-0109 [2]; *Matter of Golden Triangle Assocs. v Town Bd., supra,* at 618).

Although the Board tacitly concedes that the initial June 15, 1992, session of the public hearing was held on 9 days notice instead of the required 10, the Board gave proper notice of the December 7, 1992, session, wherein the Board's consultants submitted the Revised Environmental Assessment Form. Moreover, even if the notice were to be deemed defective, such a procedural deficiency would not, by itself, invalidate the actions of the Board at that meeting (*see, e.g., Matter of Cellular Tel. Co. v Meyer,* 200 AD2d 743; *Matter of Fairris v Town of Washington Planning Bd.,* 167 AD2d 368; *Matter of Velez v Board of Appeals,* 147 AD2d 648, 649; *Matter of Gaona v Town of Huntington Zoning Bd. of Appeals,* 106 AD2d 638, 640).

We have considered the petitioners' remaining contention and find it to be without merit (*see, Asian Ams. for Equality v Koch,* 72 NY2d 121). Bracken, J. P., O'Brien, Joy and Florio, JJ., concur.