OPINION OF THE COURT
James B. Kane, J.
This is an application for a preliminary injunction brought on by an order to show cause in an underlying action for declaratory relief, permanent injunction and damages.
*288 Plaintiff Sprint Spectrum, L.P., doing business as Sprint PCS, (Sprint), a cellular telephone company, seeks an order: enjoining enforcement of defendant Town’s moratorium on wireless telecommunication facilities; and ordering defendant to consider and determine its applications for permission to erect three telecommunication towers within the Town.
The essential facts herein are not in dispute.
On July 31, 1996, Sprint submitted two applications to the West Seneca Town Board for permission to construct two telecommunications towers and on August 9, 1996, submitted a third such application. Sprint submitted such applications pursuant to section 120-7 of the Code of the Town of West Seneca which requires the Town Board’s approval for utility-related construction. In pertinent part, that section of the Town Code provides: "[T]he regulations of this chapter shall not be so construed as to limit or interfere * * * with the construction, installation, operation and maintenance for public utility purposes of water or gas lines, mains or conduits, electric light or electric power transmission lines * * * subject, however, to the prior approval of the Town Board as to location, type of structure and effect upon adjacent properties and subject also to the regulations provided in M-l and M-2 Districts”.
For reasons that are not clear in the record, these applications were never officially considered by the Town Board or placed on any of its meeting agendas. On September 23, 1996, the Town adopted an amendment to the Zoning Ordinance of the Town of West Seneca which postponed all action on applications for communications towers for a 90-day period, creating the so-called moratorium period at issue herein. In early October, Sprint either bowed to pressure or followed Town advice and applied for rezoning of the proposed tower sites and for issuance of "Special Permits” therefor.
Following the procedures for rezoning and special permits, these applications were before the Town of West Seneca Planning Board at its October 16 meeting. A public hearing was held thereon where the matters were referred to a committee of the whole pending the Town’s review of its ordinance under the moratorium.
As far as this court knows, the moratorium has expired and to date no action has been taken by the Town on any of Sprint’s nine applications.
The Town’s actions with respect to wireless communication facilities in this regard must be in accordance with the rele *289 vant provisions of the newly enacted Telecommunications Act of 1996 (Pub L 104-104), codified at 47 USC § 332 (c) (7) which states in pertinent part:
"(c) [Regulatory] treatment of * * * mobile services * * *
"(7) Preservation of local zoning authority. (A) General authority. Except as provided in this paragraph, nothing in this Act * * * shall limit or affect the authority of a State or local government or instrumentality thereof over decisions regarding the placement, construction, and modification of personal wireless service facilities.
"(B) Limitations, (i) The regulation of the placement, construction, and modification of personal wireless service facilities by any State or local government or instrumentality thereof—
"(I) shall not unreasonably discriminate among providers of functionally equivalent services; and
"(II) shall not prohibit or have the effect of prohibiting the provision of personal wireless services.
"(ii) A State or local government or instrumentality thereof shall act on any request for authorization to place, construct, or modify personal wireless service facilities within a reasonable period of time after the request is duly filed with such government or instrumentality, taking into account the nature and scope of such request.
"(iii) Any decision by a State or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record.”
It is apparent that the Town has not complied with the Telecommunications Act, specifically: the provision which requires the Town to act on Sprint’s requests for permission to place its facilities within a reasonable time (47 USC § 332 [c] [7] [B] [ii]); the provision that the Town must deny such permission only in writing and that that determination must be supported by substantial evidence (47 USC § 332 [c] [7] [B] [iii]); and finally, the provision that the Town may not enact regulations which have the effect of prohibiting personal wireless services.
New York decisional law similarly restricts West Seneca’s ability to regulate in this area.
In Matter of Consolidated Edison Co. v Hoffman (43 NY2d 598 [1978]) the Court of Appeals reaffirmed the principle that *290 facilities related to the provision of utility services may not be excluded from a community where a need for such facilities has been shown.
This principle was extended in Matter of Cellular Tel. Co. v Rosenberg (82 NY2d 364 [1993]) where the Court of Appeals held that a cellular telephone company is a public utility and that an antenna tower to facilitate the supply of cellular telephone service is a public utility building.
The Court further held: "Application of our holding in Matter of Consolidated Edison * * * to sitings of cellular telephone companies, such as Cellular One, permits those companies to construct structures necessary for their operation which are prohibited because of existing zoning laws and to provide the desired services to the surrounding community.” (Matter of Cellular Tel. Co. v Rosenberg, 82 NY2d 364, 372-373, supra.)
Therefore, under both Federal statutory and New York decisional law, Sprint may not be forced to apply for a rezoning or a special use permit by the Town and the Town must allow Sprint’s applications to proceed as ones for a public utility under section 120-7 of the Town Code.
The court notes that by its terms, the moratorium has expired and if a new ordinance was enacted, it is not before the court.
Plaintiff has shown that it is likely to succeed on the merits. That it will suffer irreparable injury if this relief is not granted is amply demonstrated by affidavits submitted on its behalf by Kathleen Pomponio, Sprint’s Property Manager, Ralph Mastrangelo, Sprint’s Radio Frequency Design Manager, and Wayne Nanna, Vice-President for Field Operations. In addition, the equities balance in Sprint’s favor. It is entitled to have its applications promptly determined and to date, the Town’s actions are tantamount to a denial. The criteria for a preliminary injunction have been met. (Cellular Tel. Co. v Village of Tarrytown, 210 AD2d 196 [2d Dept 1994]; CPLR 6301.)
The Town’s consideration of the application and its decision thereon is subject to the above-quoted Federal requirement, also reflected in New York law, that it be supported by substantial evidence and by a written record. Further, such consideration and determination must not be arbitrary or capricious. (Matter of Cellular Tel. Co. v Rosenberg, supra; Matter of Consolidated Edison Co. v Hoffman, supra.)
*291 For the above-stated reasons, plaintiffs motion is granted to the extent that the Town Board shall consider Sprint’s pending applications under the public utility provision of the Town Code at its next meeting.