■ In the Matter of JAMES N. SPILIOTES, Respondent, v FRANK C. TROTTA et al., Appellants, et al., Respondent. [732 NYS2d 869] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Brookhaven dated July 22, 1999, which, after a hearing, granted the amended application of Lawrence Plesh for a side yard variance, the appeal is from a judgment of the Supreme Court, Suffolk County (Jones, J.), entered June 6, 2000, which granted the petition and annulled the determination.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, and the petition is dismissed on the merits.

The Zoning Board of Appeals of the Town of Brookhaven (hereinafter the ZBA) granted the amended application of the respondent Lawrence Plesh for a side yard variance. The petitioner commenced this CPLR article 78 proceeding seeking to review that determination, claiming, *inter alia,* that the ZBA failed to satisfy a condition precedent under General Municipal Law § 239-m that the notice of the public hearing was defective, and that the ZBA failed to properly consider the factors under Town Law § 267-b (3) (b). The Supreme Court granted the petition and annulled the determination.

It is not disputed that the proposed area variance affects real property which is within 500 feet of a county road. Thus, the ZBA was required under General Municipal Law § 239-m, to refer its proposed action to the Suffolk County Planning Commission for review (*see,* General Municipal Law § 239-m [3] [a] [v]; [b] [iii]). The ZBA submitted evidence that it complied with this condition precedent (*see,* General Municipal Law § 239-m [1] [d]); therefore, its determination should not be annulled on that basis (*but see, Matter of Zelnick v Small,* 268 AD2d 527, 529; *Matter of Burchetta v Town Bd.,* 167 AD2d 339, 340-341; *Matter of Old Dock Assocs. v Sullivan,* 150 AD2d 695, 697).

Moreover, the notice of the public hearing was not defective (*see,* Brookhaven Code § 85-28; *Matter of Cellular Tel. Co. v Meyer,* 200 AD2d 743; *Fairris v Town of Washington Planning Bd.,* 167 AD2d 368, 370), and the determination of the ZBA was supported by substantial evidence and was not arbitrary and capricious (*see, Matter of Sasso v Osgood,* 86 NY2d 374; *Matter of Easy Home Program v Trotta,* 276 AD2d 553; *Matter of Owens v Zoning Bd. of Appeals,* 255 AD2d 587; *Matter of Padwee v Bronnes,* 242 AD2d 334). Bracken, P. J., McGinity, Luciano and Feuerstein, JJ., concur.