■ In the Matter of SHAHDOKHT ABRISHAMI et al., Appellants, v BOARD OF TRUSTEES OF INCORPORATED VILLAGE OF EAST HILLS et al., Respondents. [790 NYS2d 401]—In a hybrid proceeding pursuant to CPLR article 78, inter alia, to review a determination *of the Board* of Trustees of the Incorporated Village of East Hills, dated March 24, 2003, enacting Local Law No. 1 (2003) of the Incorporated Village of East Hills imposing a moratorium on residential subdivision reviews and approvals and an action for a judgment declaring that Local Law No.1 (2003) of the Incorporated Village of East Hills is void and unenforceable, the appeal is from a judgment of the Supreme Court, Nassau County (Martin, J.), dated September 30, 2003, which, among other things, dismissed the proceeding and declared that Local Law No. 1 (2003) of the Incorporated Village of East Hills was valid *and enforceable.*

Ordered that the judgment is affirmed, with costs.

The petitioners argue *that since Local Law No. 1 (2003) of the Incorporated* Village of East Hills was not referred to the

Nassau County Planning Commission as required by General Municipal Law § 239-m, it was invalid.

However, the respondents submitted evidence that it complied with this condition precedent (*see* General Municipal Law § 239-m [1] [d]). Therefore, its determination should not be annulled on that basis (*see Matter of Spiliotes v Trotta,* 288 AD2d 315 [2001]). Moreover, the notice of the public hearing was not defective (*see* Village Law § 7-706; *Matter of Cellular Tel. Co. v Meyer,* 200 AD2d 743 [1994]; *Fairris v Town of Washington Planning Bd.,* 167 AD2d 368, 370 [1990]). Florio, J.P., Schmidt, Rivera and Lifson, JJ., concur.