OPINION OF THE COURT
Linda S. Jamieson, J.
Petitioner, the Village of Pomona (Pomona), seeks to annul certain determinations made by the Town Board of the Town of Ramapo (collectively, all defendants but Scenic Development, LLC are referred to as Ramapo), which (1) adopted and issued a written findings statement dated January 25, 2010 with respect to the final environmental impact statement relating to an application for a zone change submitted by Scenic Development, LLC (Scenic) to change the zoning district from R-40 to MR-8 for its property situated on the south side of Route 202 and the *265 west side of Route 306 in the Town of Ramapo, designated on the tax map as sections 32.11-1-2, 32.11-1-3, 32.11-1-4, 32.11-1-12, 32.11-1-13, 32.11-1-14, 32.11-1-15 and 32.11-1-16 and adopted as Resolution No. 2010-98; (2) adopted an amendment to the Ramapo Comprehensive Plan, which amendment applies only to the properties owned by Scenic and known as sections 32.11-1-2, 32.11-1-3, 32.11-1-4, 32.11-1-12, 32.11-1-13, 32.11-1-14, 32.11-1-15, and 32.11-1-16 and adopted as Resolution No. 2010-99; (3) granted the petition submitted by Scenic for an amendment to the Ramapo zoning map to change the zone from R-40 to MR-8 for its property situated on the south side of Route 202 and the west side of Route 306, designated on the tax map as a portion of sections 32.11-1-2, 32.11-1-3, 32.11-1-4, 32.11-1-12, 32.11-1-13, 32.11-1-14, 32.11-1-15, 32.11-1-16 and 32.14-2-3; and (4) adopted and enacted Local Law No. 1 of 2010 of the Town of Ramapo amending said zoning map.
The cross motion by Scenic seeks to dismiss the petition pursuant to CPLR 3211 (a) (7) and 7804 (f). The cross motion by Ramapo seeks to dismiss the petition pursuant to CPLR 3211.
The petition contains six causes of action. The court addresses each one in the order it sees fit. As a threshold matter, the court notes that “the right of a municipality to challenge the acts of its neighbors must be determined on the basis of the same rules of standing that apply to litigants generally.” (Matter of Village of Chestnut Ridge v Town of Ramapo, 45 AD3d 74, 86 [2d Dept 2007].)
The Allegations that Ramapo Violated the Comprehensive Plan
The first and third causes of action complain, in essence, that Ramapo improperly amended the 2004 Comprehensive Plan by enacting the zoning change and amending the zoning map. The second cause of action claims that the granting of the petition by Scenic “was an act of spot zoning and unconstitutional and was for the benefit of the property owner, not the community at large.” None of these causes of action are appropriately raised by Pomona. As stated by the Second Department in Chestnut Ridge, Pomona has
“no interest in the Town Board’s compliance with either its comprehensive plan or the procedural requirements . . . Since the Villages exercise their own zoning authority with respect to property located within their geographical jurisdiction (see Village Law § 7-700), they are beyond the bounds of the mutuality of restriction and benefit that under *266 lies the comprehensive plan requirement. They also have, at most, a limited stake in the integrity of the governmental decision-making process in the Town. Because the interests of the Villages are thus related marginally, if at all, to the purposes intended to be promoted by the procedural requirements of Municipal Home Rule Law § 20, they do not have standing .... to prosecute [these claims].” (Id. at 88.)
The court, thus, dismisses Pomona’s first, second and third causes of action.
The Rockland County Planning Board
The fourth cause of action relates to the concerns raised by the Rockland County Planning Board. Pomona contends (in its memorandum of law) that “the Town Board resolutions did not properly override the Rockland County Planning Department’s General Municipal Law reviews.” Although Pomona cites no section of the General Municipal Law in any of its submissions relating to this cause of action, it appears to the court that this cause of action arises out of General Municipal Law § 239-m. This section, in relevant part, requires that the relevant county planning agency review all proposed actions that fall under this section, and report its recommendations to the “referring body.” Once it has done so, “the referring body shall not act contrary to such recommendation except by a vote of a majority plus one of all the members thereof.” (General Municipal Law § 239-m
[5] .) Thereafter, “the referring body shall file a report of the final action it has taken with the county planning agency. ... A referring body which acts contrary to a recommendation of modification or disapproval of a proposed action shall set forth the reasons for the contrary action in such report.” (Id. § 239-m
[6] .)
Here, there is no dispute that Ramapo did submit its plans to the Rockland County Planning Board. There is also no dispute that the Planning Board responded, and recommended certain modifications. Nor is there a dispute that all of the resolutions thereafter adopted by Ramapo were unanimous (with one member absent). Moreover, there is no dispute that in these resolutions, Ramapo sets forth the reasons for any actions it took that were contrary to the recommendations of the Rock-land County Planning Board.
Because Pomona cannot allege that Ramapo did not comply with section 239-m — since Ramapo did follow each *267 required step — it instead complains in the fourth cause of action that “the reasoning in the Resolution is conclusory in nature and does not provide factual evidence for the override.” This is not a valid cause of action for Pomona to raise,[1] and Pomona cites neither statutory nor case law support that indicates otherwise. (See generally Matter of Abrishami v Board of Trustees of Inc. Vil. of E. Hills, 16 AD3d 410 [2d Dept 2005].) Accordingly, the court finds that Pomona does not have standing to criticize the reasoning set forth in the resolutions which otherwise complied with General Municipal Law § 239-m, and dismisses the fourth cause of action.
General Municipal Law § 239-nn
In the sixth cause of action, Pomona complains, essentially, that Ramapo ignored the public policy spirit of cooperation set forth in General Municipal Law § 239-nn[2] “by completely ignoring the surrounding community and failing to coordinate or even take into consideration Pomona’s land-use patterns.” Pomona admits that it did receive the notice required by General Municipal Law § 239-nn. Because this section of the General Municipal Law does not create a right of action — and Pomona cites no authority to the contrary — the sixth cause of action must be dismissed.
Moreover, the court notes that in Resolution No. 2010-99, Ramapo stated that “the Villages of Pomona and Wesley Hills have . . . submitted comments which are included and have been satisfactorily responded to in the PEIS.” It goes on to state that Ramapo “appreciates the concerns expressed by its neighbors and has taken appropriate steps ... to assure that those valid concerns were completely addressed. The Villages will continue to have single family development proximate to their municipal borders.” This is all that General Municipal Law § 239-nn requires.
*268 The Fifth Cause of Action
The fifth cause of action states that Ramapo “acted, arbitrarily and capriciously and in violation of SEQRA when it issued a Findings Statement ... in relation to the Patrick Farm Project.” It goes on to state, in relevant part, that Ramapo “failed to comply with its substantive obligation to identify and take a ‘hard look’ at potential significant adverse impacts resulting from the zone change for the subject property, including community character, water, sewer, infrastructure, traffic and safety.”
It is well-settled that “challenges to zoning determinations may only be made by ‘aggrieved’ persons.” (Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, 69 NY2d 406, 412 [1987].)
“Aggrievement warranting judicial review requires a threshold showing that a person has been adversely affected by the activities of defendants . . . or — put another way — that it has sustained special damage, different in kind and degree from the community generally. Traditionally, this has meant that injury in fact must be pleaded and proved.” (Id. at 413 [citations omitted].)
That means that to establish standing in a CPLR article 78 proceeding, a petitioner must demonstrate “that the administrative action will in fact have a harmful effect on the petitioner and that the interest asserted is arguably within the zone of interest to be protected by the statute.” (Matter of Legacy at Fairways, LLC v McAdoo, 76 AD3d 786, 789 [4th Dept 2010]; see also Matter of Rediker v Zoning Bd. of Appeals of Town of Philipstown, 280 AD2d 548, 549 [2d Dept 2001] [“Where a claim of standing is based upon the adverse impact of challenged administrative action, a petitioner must show that he or she will suffer a harm that is in some way different from that suffered by the public at large and that the alleged injury falls within the zone of interest sought to be promoted or protected by the statute under which the government agency has acted”].) The harmful effect on petitioners must be “direct injury different from that suffered by the public at large.” (Matter of Riverhead PGC, LLC v Town of Riverhead, 73 AD3d 931, 933 [2d Dept 2010].)
The decision by Ramapo “is entitled to the strongest possible presumption of validity.” (Albright v Town of Manlius, 34 AD2d 419, 422 [4th Dept 1970] [“the Town Board( ) is on the scene, knows the needs and wishes of the people and is charged by the *269 electorate with the responsibility for legislating and conducting governmental affairs of the community in accordance with the best interests thereof; and the courts may not lightly overrule its legislative acts”].) Indeed, a “zoning board’s determination shall be upheld if it is rational and not arbitrary and capricious.” (Matter of Caspian Realty, Inc. v Zoning Bd. of Appeals of Town of Greenburgh, 68 AD3d 62, 76 [2d Dept 2009].)
As the Court in the Chestnut Ridge case held, “a municipality is limited to asserting rights that are its own, and is not permitted to assert the collective individual rights of its residents.” (45 AD3d at 91.) In order for Pomona to have standing here, it must have “a demonstrated interest in the potential environmental impacts of the project.” (Id.) Although Pomona set forth certain substantive criticisms of the final environmental impact statement and the draft environmental impact statement in the fifth cause of action, it fails to assert with any specificity or detail that any of these problems have or will have a direct impact on Pomona. In its memorandum of law submitted in opposition to these motions, Pomona states that
“the noise, air pollution and traffic impacts from more than 1,000 vehicles per day that will be generated by the proposed 497 dwelling units on the Patrick Farm site will enter the Village of Pomona within a few feet of the project’s driveway. Some of the water runoff from the site will enter Pomona’s stormwater system even if the majority of the water is directed in another direction. The visual impacts of almost wall-to-wall development will change the character of the surrounding Pomona neighborhoods.”
Yet Pomona does not provide any support for these conclusory allegations. Indeed, Scenic contradicts many of these assertions, stating that
“none of the roads from the proposed development even access roads maintained by Pomona. Pomona does not maintain the water, sewer, or any of the other public services that would serve the development. Drainage from the development which is adequately handled, in any event, flows to the west — away from the Village of Pomona.”
Pomona, then, has not demonstrated that it has a real, concrete interest in the “potential environmental impacts of the project.”
In the Chestnut Ridge case, the Court did find that the municipalities had standing to maintain a cause of action *270 concerning the State Environmental Quality Review Act because they had demonstrated that they had an interest in the potential environmental impacts of the project as it affected their “community character.” Here, Pomona has not made any such showing, aside from conclusory assertions that the “visual impact of almost wall-to-wall development on the site will change the character of the surrounding Pomona neighborhoods.” Pomona does not make any attempt to show that the alleged “wall-to-wall development” would be visible from any particular Pomona neighborhoods; it does not make any attempt to show that the plans call for clear-cutting and/or a lack of plantings or other visual barriers;[3] it does not even really describe the character of the allegedly affected neighborhoods, or explain how they will suffer. In fact, Resolution No. 2010-99 expressly states that “[tjhe Villages will continue to have single family development proximate to their municipal borders.” While the plan provides for single-family homes to be proximate to Pomona, it simply cannot sustain its claim that there will be “wall-to-wall development” that will “change the character of the surrounding Pomona neighborhoods.”
For these reasons, the court finds that Pomona does not have standing to prosecute its fifth cause of action, and dismisses that as well.
As the court has dismissed each of the causes of action set forth in the petition, the petition is dismissed.

. The court does not consider whether the Rockland County Planning Board (which is not a party to this action) could legitimately raise this complaint.

. This section’s legislative intent and purpose states that “[i]t is the intent and purpose of this section to encourage the coordination of land use development and regulation among adjacent municipalities in order that each adjacent municipality may recognize the goals and objectives of neighboring municipalities, and as a result development occurs in a manner which is supportive of the goals and objectives of the general area.” (Id. § 239-nn [1].)

. As the area has been used as a farm, there may not be any large trees already in place. Scenic may, however, intend to plant trees or create other visual barriers between the new housing and Pomona’s allegedly vulnerable neighborhoods. This is not an issue addressed by Pomona.