*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   November 10, 2016                    521905
_____

In the Matter of HUDSON RIVER
   SLOOP CLEARWATER, INC.,
   et al.,
              Appellants,

     v

TOWN BOARD OF THE TOWN OF                    MEMORANDUM AND ORDER
   COEYMANS et al.,
              Respondents,
    and

COEYMANS RECYCLING CENTER, LCC,
   et al.,
              Respondents.
_____


Calendar Date:   September 14, 2016

Before:   McCarthy, J.P., Lynch, Rose, Devine and Mulvey, JJ.


_____


    Bowitch & Coffey, LLC, Albany (Gary Bowitch of counsel) and
Bartlett, Pontiff, Stewart & Rhodes, PC, Glens Falls (John D.
Wright of counsel), for appellants.

    Donald Zee, PC, Albany (Andrew Brick of counsel), for
Coeymans Recycling Center, LLC, respondent.

    Rizzo & Kelley, Poughkeepsie (James P. Kelley of counsel),
for Central Hudson Gas & Electric Corporation, respondent.

    William J. Better, PC, Kinderhook (N. Daniel Reeder of
counsel), for TCI Realty of NY, LLC, respondent.


_____

McCarthy, J.P.

Appeal from a judgment of the Supreme Court (McDonough, J.), entered July 22, 2015 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted certain respondents' motions to dismiss the petition/complaint.

In March 2014, respondent Town Board of the Town of Coeymans (hereinafter the Town Board) enacted Local Law No. 4, which reclassified the permitted use of nine contiguous parcels from residential-agricultural use to industrial use.  In September 2014, petitioners commenced this combined CPLR article 78 proceeding and action for declaratory judgment against the Town Board and respondent Coeymans Recycling Center, LLC (hereinafter CRC), which had an interest in three of the affected parcels and had previously lobbied for those parcels to be rezoned to industrial use, seeking to annul Local Law No. 4 based on, among other things, allegations that the procedures used to adopt the ordinance violated the State Environmental Quality Review Act.  CRC and the Town Board both moved to dismiss the petition/complaint on the basis that petitioners failed to join necessary parties, namely, the property owners of the other rezoned parcels whose property rights were affected by the ordinance.  Supreme Court denied the motion but determined that the other property owners were necessary parties and ordered petitioners to serve those property owners with a notice of petition and petition.

On May 11, 2015, petitioners filed an amended petition/complaint that added as respondents the additional parcel owners (hereinafter the newly-added respondents). Thereafter, the Town Board and CRC, as well as several of the newly-added respondents, separately moved to dismiss petitioners' amended petition/complaint on the ground that the amended petition/complaint was time-barred as to the newly-added respondents under the four-month statute of limitations (see CPLR 217 [1]).  Reserving their right to challenge on appeal Supreme Court's previous determination that the newly-added respondents were necessary parties, petitioners conceded both that they did not timely serve the newly-added respondents and that, if the

newly-added respondents were necessary parties, dismissal was proper.  Thereafter, Supreme Court dismissed the amended petition/complaint on the ground that it was time-barred. Petitioners appeal, and we reverse.

The newly-added respondents were not necessary parties merely because the ordinance at issue affected their property rights.  "'[T]he absence of a necessary party may be raised at any stage of the proceedings, by any party or by the court on its own motion'" (Bayview Loan Servicing, LLC v Sulyman, 130 AD3d 1197, 1198 [2015], quoting Matter of Estate of Prospect v New York State Teachers' Retirement Sys., 13 AD3d 699, 700 [2004]). Given a court's power to raise the issue, it is notable that the Court of Appeals and this state's appellate courts, including this Court, have long entertained challenges to municipalities' legislative actions in regard to zoning ordinances without requiring the joinder of every property owner whose rights are affected by the ordinance at issue (see Matter of Gernatt Asphalt Prods. v Town of Sardinia, 87 NY2d 668, 675 [1996]; Berenson v Town of New Castle, 38 NY2d 102, 105 [1975]; Matter of Fine Assoc. v Board of Trustees of Vil. of Elmsford, 228 AD2d 437, 437 [1996]; Continental Bldg. Co. v Town of N. Salem, 211 AD2d 88, 91 [1995] appeal dismissed and lv denied 86 NY2d 818 [1995]; Matter of Albany Area Bldrs. Assn. v Town of Clifton Park, 172 AD2d 54, 55 [1991]).  This has been true even when the ordinance at issue is one that, on its face, is likely to dramatically affect the property rights held by real property owners (see e.g. Matter of Wallach v Town of Dryden, 23 NY3d 728, 740 [2014]).  Although this Court has, in limited cases, found property owners to be necessary parties in regard to legal challenges to municipal ordinances that affect the property owners' rights, it has only done so in cases where the owners had obtained an actual approval pursuant to the challenged zoning ordinance that would be adversely impacted by a judgment annulling that ordinance (see Matter of Basha Kill Area Assn. v Town Bd. of Town of Mamakating, 302 AD2d 662, 664 [2003]; Matter of Llana v Town of Pittstown, 234 AD2d 881, 884 [1996]).

Petitioners do not ask this Court to revisit its previous holdings as to the limited circumstances in which property owners may be necessary parties when an ordinance that affects their

rights is challenged.  Instead, they argue that the newly-added respondents do not fall into that previously recognized category and that those cases do not stand for the principle that persons affected by a municipality's ordinances are de facto necessary parties when those ordinances are challenged.  We agree, as we are unconvinced that the Court of Appeals and the appellate courts of this state have repeatedly overlooked necessary parties in proceedings and/or actions in which municipal zoning ordinances were challenged without joining all real property owners affected by the ordinances.  Thus, as the record does not establish that the newly-added respondents fall into the limited category that this Court has previously recognized as necessary parties, and as we decline the opportunity to adopt a rule that those affected by an ordinance are necessary parties when that ordinance is challenged, we find that the newly-added respondents are not necessary parties and that, therefore, the petition was not time-barred.  Accordingly, we reverse and remit for further proceedings.

       Lynch, Rose, Devine and Mulvey, JJ., concur.

       ORDERED that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court