Ullman v Medical Liab. Mut. Ins. Co. (2018 NY Slip Op 01844)





Ullman v Medical Liab. Mut. Ins. Co.


2018 NY Slip Op 01844


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1514 CA 17-00915

[*1]LORI E. ULLMAN, M.D., PLAINTIFF-RESPONDENT,
v
MEDICAL LIABILITY MUTUAL INSURANCE COMPANY, DEFENDANT-APPELLANT, ET AL., DEFENDANTS. 






BOND SCHOENECK & KING, PLLC, BUFFALO (SHARON M. PORCELLIO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GOLDBERG SEGALLA LLP, BUFFALO (MICHAEL E. APPELBAUM OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered October 20, 2016. The order, insofar as appealed from, denied the motion of defendant Medical Liability Mutual Insurance Company to dismiss the complaint against it. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion of defendant Medical Liability Mutual Insurance Company is granted, and the complaint against it is dismissed.
Memorandum: Plaintiff, a licensed physician, commenced this action against Medical Liability Mutual Insurance Company (defendant), her medical malpractice insurer, seeking to recover damages that allegedly resulted when defendant settled a malpractice claim on her behalf. In her complaint, plaintiff asserted, inter alia, two causes of action seeking declarations voiding her written consent to settle and vacating the settlement, respectively. Plaintiff alleged, inter alia, that defendant's employees fraudulently misrepresented the effect of her refusal to consent to settle, thereby inducing her to consent. We agree with defendant that Supreme Court erred in denying its motion pursuant to CPLR 3211 (a) (1), (5) and (7) to dismiss the complaint against it.
We agree with defendant that the court erred in denying that part of its motion seeking to dismiss the cause of action for a violation of General Business Law § 349. The allegations in the complaint demonstrate that this "is merely a private contract dispute over [insurance] policy coverage, which does not affect[] the consuming public at large, and therefore falls outside the purview of General Business Law § 349" (Carlson v American Intl. Group, Inc., 30 NY3d 288, 309 [2017] [internal quotation marks omitted]; see Shou Fong Tam v Metropolitan Life Ins. Co., 79 AD3d 484, 486 [1st Dept 2010]).
We also agree with defendant that the court erred in denying that part of its motion seeking to dismiss the cause of action for breach of contract. Plaintiff did not identify the provisions that defendant allegedly breached, and thus she has failed to state a cause of action for breach of contract (see Reznick v Bluegreen Resorts Mgt., Inc., 154 AD3d 891, 893 [2d Dept 2017]; Sutton v Hafner Valuation Group, Inc., 115 AD3d 1039, 1042 [3d Dept 2014]). We nevertheless acknowledge that every contract contains an implied covenant of good faith and fair dealing encompassing any promise that a reasonable party would understand to be included (see Rowe v Great Atl. & Pac. Tea Co., Inc., 46 NY2d 62, 68-69 [1978]; Waterways at Bay Pointe Homeowners Assn., Inc. v Waterways Dev. Corp., 132 AD3d 975, 977 [2d Dept 2015]), but we conclude that plaintiff likewise failed to state a cause of action for breach of the implied covenant of good faith and fair dealing (see Aventine Inv. Mgt. v Canadian Imperial Bank of Commerce, 265 AD2d 513, 514 [2d Dept 1999]). In the context of an insurance contract, "a reasonable [*2]insured would understand that the insurer promises to investigate in good faith and pay covered claims" (New York Univ. v Continental Ins. Co., 87 NY2d 308, 318 [1995]; see Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y., 10 NY3d 187, 194 [2008]; Gutierrez v Government Empls. Ins. Co., 136 AD3d 975, 976 [2d Dept 2016]). "An insured may also bargain for the peace of mind, or comfort, of knowing that it will be protected in the event of a catastrophe" (Bi-Economy Mkt., Inc., 10 NY3d at 194). Here, it is undisputed that plaintiff received the benefit of defendant investigating the claim, negotiating the settlement, paying the settlement in full, and securing a general release.
We further agree with defendant that the court erred in denying that part of its motion seeking to dismiss the causes of action for fraudulent misrepresentation, negligent misrepresentation, and fraudulent inducement. Actual pecuniary damage is an element of any cause of action asserting fraud (see Connaughton v Chipotle Mexican Grill, Inc., 135 AD3d 535, 539 [1st Dept 2016], affd 29 NY3d 137 [2017]), or negligent misrepresentation (see White v Guarente, 43 NY2d 356, 362-363 [1977]; Mega Group, Inc. v Pechenik & Curro, P.C., 32 AD3d 584, 587 [3d Dept 2006]; see generally Kronos, Inc. v AVX Corp., 81 NY2d 90, 94 [1993]). Here, the medical malpractice claim was settled with no admission of wrongdoing by plaintiff, no monetary payment by her, and no liability attributed to her. Moreover, to the extent that plaintiff alleges that she lost staff privileges at a hospital, we conclude that the loss of those privileges did not result from the settlement itself, but from plaintiff's own actions in failing to disclose it. Plaintiff thus failed to allege that she suffered any actual pecuniary damage as a result of defendant's conduct, and she therefore failed to state a cause of action for fraud (see Connaughton, 135 AD3d at 539-540) or negligent misrepresentation (see generally White, 43 NY2d at 362-363).
With respect to the two causes of action seeking declarations, defendant contends that plaintiff cannot obtain that relief based on the absence of necessary parties (see CPLR 3211 [10]; see also CPLR 1001), and we agree. As a preliminary matter, we note that, contrary to plaintiff's assertion, defendant's contention is properly before us inasmuch as "[t]he absence of a necessary party may be raised at any stage of the proceedings, by any party or by the court on its own motion" (Matter of Hudson Riv. Sloop Clearwater, Inc. v Town Bd. of the Town of Coeymans, 144 AD3d 1274, 1275 [3d Dept 2016] [internal quotation marks omitted]; see Matter of Jim Ludtka Sporting Goods, Inc. v City of Buffalo Sch. Dist., 48 AD3d 1103, 1103-1104 [4th Dept 2008]). Although the medical malpractice claimants were initially joined as defendants in this action, the court in the order on appeal dismissed the complaint against them, and plaintiff has not cross-appealed. Here, the medical malpractice claimants were parties to the settlement agreement and received a monetary payment pursuant to it, and thus they are necessary parties to any declaration as to its validity. In the absence of those necessary parties, we will not issue a declaration in favor of any party (see Wood v City of Salamanca, 289 NY 279, 283 [1942]; White v Nationwide Mut. Ins. Co., 228 AD2d 940, 941 [3d Dept 1996]). We therefore dismiss the two causes of action seeking a declaration.
In light of our determination, we do not consider defendant's remaining contentions.
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court