Matter of Douglaston Civic Assn. v City of New York (2021 NY Slip Op 06540)





Matter of Douglaston Civic Assn. v City of New York


2021 NY Slip Op 06540


Decided on November 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 23, 2021

Before: Acosta, P.J., Gische, Singh, Scarpulla, Mendez, JJ. 


Index No. 156288/19 Appeal No. 14673 Case No. 2020-04942 

[*1]In the Matter of Douglaston Civic Association, et al., Petitioners-Appellants,
v
The City of New York et al., Respondents-Respondents.


Jack L. Lester and Sean M. Walsh, East Hampton, for appellants.
Georgia M. Pestana, Corporation Counsel, New York (Mackenzie Fillow of counsel), for The City of New York, New York City Council, New York City Planning Commission, respondents.
Akerman LLP, New York (Benjamin R. Joelson and Joshua D. Bernstein of counsel), for 241-15 Northern LLC and North Shore Realty Group Corp., respondents.



Order and judgment (one paper), Supreme Court, New York County (Melissa A. Crane, J.), entered June 9, 2020, which denied the petition seeking to annul the City respondents' March 13, 2019 resolution approving the rezoning application of respondent developers, and dismissed this proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioners seek to annul a resolution of respondents City of New York, New York City Council, and New York City Planning Commission (CPC) approving a rezoning application to redevelop a block in Douglaston, Queens. The planned redevelopment would provide, among other things, affordable and senior housing. In denying the petition, Supreme Court correctly found that the approval of the rezoning application did not constitute "spot zoning" benefiting only one property owner, as it brought other existing properties with nonconforming lots on the rezoned block into conformity, and was also "part of a well-considered and comprehensive plan calculated to serve the general welfare of the community" by allowing construction of affordable senior housing in line with City policy (Matter of Preserve Our Brooklyn Neighborhoods v City of New York, 188 AD3d 500, 501 [1st Dept 2020], quoting Collard v Incorporated Vil. of Flower Hill, 52 NY2d 594, 600 [1981]; see also Rodgers v Village of Tarrytown, 302 NY 115, 121-122 [1951]; see e.g. Matter of Hart v Town Bd. of Town of Huntington, 114 AD3d 680, 684 [2d Dept 2014]).
Supreme Court also properly found that CPC, through the Department of City Planning, "identified the relevant areas of environmental concern, took a 'hard look' at them, and made a 'reasoned elaboration' of the basis for its determination" (Matter of Friends of P.S. 163, Inc. v Jewish Home Lifecare, Manhattan, 30 NY3d 416, 430 [2017], quoting Akpan v Koch, 75 NY2d 561, 570 [1990]), when it decided that "the environmental impact is not significant" and "issue[d] a 'negative declaration'" (Matter of Spitzer v Farrell, 100 NY2d 186, 190 [2003]; see Environmental Conservation Law § 8-0109[4]; 6 NYCRR 617.7[a][1]-[2]). "[T]he Legislature . . . has left the agencies with considerable latitude in evaluating environmental effects and choosing among alternatives. Nothing in the law requires an agency to reach a particular result on any issue, or permits the courts to second-guess the agency's choice" (Matter of Friends of P.S. 163, Inc., 30 NY3d at 430, quoting Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 417 [1986]).
We reject petitioners' contention that the purportedly insufficient notice of CPC's public hearing to the nonparty community board warrants annulment of the rezoning approval (see NY City Charter § 197-c[k]; 62 RCNY § 2-06[d][3]). As a threshold matter, petitioners generally cannot raise "the legal rights of another" (Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 773 [1991]), and they fail to demonstrate that "it is impossible" for the community [*2]board "to assert [its] own rights" here (Matter of Fleischer v New York State Liq. Auth., 103 AD3d 581, 583 [1st Dept 2013]). In any event, the claimed deficiency in the notice given "would not, by itself, invalidate the actions of the [commission] at that meeting" (Matter of Fine Assoc. v Board of Trustees of Vil. of Elmsford, 228 AD2d 437, 437 [2d Dept 1996]). In any event, petitioners do not contest that notice of the hearing was announced at the previous meeting and published in the City Record and Comprehensive City Planning Calendar in a timely fashion (62 RCNY 2-06[d][1]-[2]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 23, 2021